AGNES KITTAY *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-705

Opinion filed November 14, 1979.

Jeffrey M. Goldberg and Martin A. Smith, both of Chicago, for appellants.

Baker & McKenzie, of Chicago, for appellee The Travelers Insurance Company.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellees Allstate Insurance Company, Commercial Union Assurance, and Home Insurance Company.

Keck, Cushman, Mahin & Cate, of Chicago, for appellees CNA Insurance, Hartford Insurance Company, and Transamerica Insurance Group.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees Aetna Casualty and Surety Company of Illinois, Fireman's Fund Insurance Company, Zurich Insurance Company, American Guarantee & Liability Insurance Company, and Illinois Employers Insurance of Wausau.

Jenner & Block, of Chicago, for appellee Insurance Company of North America.

Epton & Druth, Ltd., of Chicago, for appellees Continental Insurance Company and United States Fidelity & Guaranty Insurance Company.

Lord, Bissell & Brook, of Chicago, for appellee North American Company for Property and Casualty Insurance.

Dale L. Schlafer, of Chicago, for appellee Home & Automobile Insurance Company.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago, for appellee Heritage Insurance Company.

Menk, Bishop and Kezelis, of Chicago, for appellee Liberty Mutual Insurance Company.

Greenberg, McCarthy & Riley, of Skokie, for appellee Prestige Casualty Company.

Thomas P. McLaughlin, of Schaumburg, for appellee Safeco Insurance Company of America.

Fisch & Lansky, of Chicago, for appellee Coronet Insurance Company.

Parrillo, Bresler, Weiss & Moss, of Chicago, for appellee Safeway Insurance Company.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs Agnes Kittay, Stephen Carponelli, and Donald Millman brought this action individually and on behalf of all persons similarly situated against three insurance companies which issued policies to them respectively and against 20 other insurance companies. The plaintiffs allege that defendants were engaged in the unauthorized practice of law in violation of section 1 of "An Act to prohibit corporations from practicing law * * *" (Ill. Rev. Stat. 1977, ch. 32, par. 411) and seek injunctive and monetary relief. All 23 defendants filed motions to dismiss based on the failure to state a cause of action. The twenty insurance companies which had no dealings or relationship with plaintiffs included the lack of standing as an additional ground in their motion to dismiss. The trial court granted the motions to dismiss, ruling that defendants were not engaged in the unauthorized practice of law and that plaintiffs did not have standing to sue the twenty defendants with whom they had no relationship. The trial court also denied plaintiffs' motion for leave to file an amended complaint. We affirm.

Plaintiffs are insured under a general automobile liability policy issued separately by their respective insurance companies. All defendants sell such policies. Each policy includes the obligation to furnish the insured with legal counsel in the event an action is brought against the insured. Defendants use attorneys who are their employees in fulfilling this obligation to defend. Plaintiffs contend that the insurance companies are engaged in the unauthorized practice of law by using attorneys that are directly employed by them to defend their insureds.

Section 1 of "An act to prohibit corporations from practicing law * * *" (Ill. Rev. Stat. 1977, ch. 32, par. 411) provides that it is unlawful for a corporation to practice law or appear as an attorney at law. However, section 5 contains exceptions to this prohibition. (Ill. Rev. Stat. 1977, ch. 32, par. 415.) It provides:

"Nothing contained in this act shall prohibit a corporation from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party, *or in any litigation in which any corporation may be interested by reason of the issuance of any policy or undertaking of insurance, guarantee or indemnity * * * .*" (Emphasis added.)

Plainly, section 5 states that a corporation may employ an attorney in any litigation in which the corporation may be interested by reason of the

issuance of any policy of insurance. The defendant insurance companies surely have such an interest in the defense of their insureds since they have a monetary obligation under the policies. Accordingly, section 5 authorizes the defendant insurance companies to employ attorneys to defend their policyholders.

Plaintiffs also contend that section 5 violates the constitutional prohibition against special legislation. They argue that the statute allows only insurance companies to represent the interests of third persons. The Illinois Constitution provides that a special law shall not be passed when a general law is or can be made applicable. (Ill. Const. 1970, art. IV, §13.) Specifically, the legislature cannot unreasonably impose a particular burden or confer a special right, privilege or immunity upon a portion of the people. (*Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 109-11, 281 N.E.2d 317, 321-22; *Fox v. Rosewell* (1977), 55 Ill. App. 3d 860, 863, 371 N.E.2d 287, 291.) A statute must operate uniformly throughout the State and on all persons similarly situated, though it is not necessary that it affect everyone in the same way. (*Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 422, 367 N.E.2d 1325, 1329; *Youhas v. Ice* (1974), 56 Ill. 2d 497, 500, 309 N.E.2d 6, 8.) Since this statute applies to *any corporation* which has issued a policy or undertaking of *insurance, guarantee or indemnity*, it operates uniformly and on all persons similarly situated; its operation is not limited to insurance companies. Thus, it does not constitute special legislation.

■ Twenty of the insurance companies included an additional ground in their motion to dismiss. They contend plaintiffs lack standing to bring this suit against them because they had no dealings or relationships with any of the plaintiffs. Courts may decide only actual and specific controversies between parties. (*Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253, 371 N.E.2d 881, 883; *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 747-48, 359 N.E.2d 1137, 1140.) Thus, before an action can be brought, there must be a plaintiff with the requisite interest to bring the suit. (*Edgewater Construction Co. v. Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 226, 357 N.E.2d 1307, 1313.) The cause of action must consist of a primary right of the plaintiff, a duty of the defendant, and a wrong by the defendant which invades the right and breaches the duty. (*Broccolo v. Village of Skokie* (1972), 14 Ill. App. 3d 27, 33, 302 N.E.2d 74, 78.) In the instant case, since the plaintiffs have no relationship with the 20 defendants, they do not have standing to bring this suit against them. *Cf. Reichardt v. Payne* (N.D. Cal. 1975), 396 F. Supp. 1010, 1016, *aff'd & rev'd in part on other grounds sub nom. Life Insurance Co. of North America v. Reichardt* (9th Cir. 1979), 591 F.2d 499 (plaintiff had no standing to bring a 42 U.S.C. §1983 claim against insurance companies with whom she had no dealings).

The class action allegations in the complaint do not give the plaintiffs standing or create a cause of action against the 20 defendants. A suit does not qualify as a class action merely because the parties allege that it is a class action. (*Dailey v. Sunset Hills Trust Estate* (1975), 30 Ill. App. 3d 121, 123, 332 N.E.2d 158, 161.) Initially, the plaintiff must have a cause of action against the defendant; otherwise, any attempted class action fails. (*Dvorkin v. Illinois Bell Telephone Co.* (1975), 34 Ill. App. 3d 448, 457-58, 340 N.E.2d 98, 106; *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 764, 291 N.E.2d 329, 333.) In *LaMar v. H&B Novelty & Loan Co.* (9th Cir. 1973), 489 F.2d 461, the court discussed whether a plaintiff with a cause of action against a single defendant can institute a class action against the single defendant and an unrelated group of defendants who have engaged in conduct closely similar to that of the single defendant. The court held:

> "Under proper circumstances, the plaintiff may represent all those suffering an injury similar to his own inflicted by the defendant responsible for the plaintiff's injury, *but in our view he cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.*" (Emphasis added.) 489 F.2d 461, 462.

Here, plaintiffs have no relationship with the 20 defendants and they have suffered no injury resulting from their conduct. Therefore, plaintiffs cannot represent as a class those persons having possible actions against these 20 defendants and, thus, plaintiffs may not bring this suit against them. See also *Weiner v. Bank of King of Prussia* (E. D. Pa. 1973), 358 F. Supp. 684, 694.

Plaintiffs next contend that the trial court improperly denied their motion for leave to file an amended complaint. In their amended complaint, plaintiffs sought to allege irreparable injury and lack of an adequate remedy at law. If a proposed amendment would not cure the defect in the pleading, it is not an abuse of discretion to deny a motion for leave to amend. (*Reardon v. Ford Motor Co.* (1972), 7 Ill. App. 3d 338, 345, 287 N.E.2d 519, 525; *Village of Gulfport v. Buettner* (1969), 114 Ill. App. 2d 1, 6, 251 N.E.2d 905, 907.) Here, plaintiffs' proposed amendments would not have corrected the defects which resulted in the dismissal of the complaint. Thus, the trial court did not abuse its discretion in denying plaintiffs' motion for leave to amend their complaint.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.