515 S.E.2d 351

STATE of West Virginia ex rel. ERIE FIRE INSURANCE COMPANY and West Virginia Farmers Mutual Insurance Company, et al., Petitioners,

v.

Honorable John T. MADDEN, Judge of the Circuit Court of Marshall County, and Meagan Barker, an Infant, by Her Guardian, and Bradley Barker Individually and on Behalf of All Others Similarly Situated, Respondents.

No. 25016.

Supreme Court of Appeals of West Virginia.

Submitted June 2, 1998.

Decided July 14, 1998.

Filed as Modified Sept. 8, 1998.

Thomas V. Flaherty, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, West Virginia, Attorney for all Petitioners.

Robert G. Steele, Esq., J. Greg Goodykoontz, Esq., Amy M. Smith, Esq., Steptoe & Johnson, Clarksburg, West Virginia, Attorneys for Erie Insurance Company.

Catherine D. Munster, Esq., James A. Varner, Esq., Gene W. Bailey, II, Esq., McNeer, Highland, McMunn & Varner, Clarksburg, West Virginia, Attorneys for

West Virginia Farmers Mutual Insurance Co.

Robert P. Fitzsimmons, Esq., Michael W. McGuane, Esq., Thomas C. Schultz, Esq., Wheeling, West Virginia, Attorneys for Respondents.

Evan H. Jenkins, Esq., Charleston, West Virginia, Attorney for Amicus Curiae, West Virginia Chamber of Commerce.

PER CURIAM:[1]

In the instant case, we grant a writ of prohibition and require the Circuit Court of Marshall County to dismiss several hundred insurance companies as defendants, because the named plaintiff in a class action lawsuit did not establish that there was a "juridical link" among the companies.

### I.

This is a writ of prohibition in which this Court is asked to rule that the Circuit Court of Marshall County erred in not dismissing a large number of insurance companies as defendants in a class action lawsuit.

The lawsuit originated in a claim by an infant, Megan Barker ("Barker"), brought by her father, against Nationwide Insurance Company ("Nationwide"). Barker alleged that Nationwide, as the insurer for an alleged tortfeasor, acted wrongfully in obtaining a release for injuries Barker suffered in an accident with Nationwide's insured. Barker was apparently not represented by counsel and Nationwide did not obtain court approval for the settlement.[2]

Seeking to act as a class representative for others similarly situated, Barker claimed that by obtaining signatures on purportedly "full and final" releases from the parents or guardians of injured infants like Barker, Nationwide illegally misled the infants/or and their parents and guardians as to the nature and effect of the release.

In addition to Nationwide, Barker joined as defendants several hundred other insurance companies ("the other insurance companies") that do business in West Virginia. These other insurance companies are the petitioners in the instant case.[3] Barker sought to represent a class of similarly situated persons (infants, former infants, and their parents and guardians) who had such signed purportedly "full and final" infant settlement releases with the other insurance companies, without court approval of the settlement.

The other insurance companies made a motion to dismiss, based upon the fact that Barker has no personal claim against any of those companies. The circuit court denied the motion to dismiss, reasoning that the "juridical link" doctrine permitted Barker to act as a class representative for persons who have claims against the other insurance companies, even though Barker has no personal claim against them.

The circuit court found that Barker could maintain an action against the other insurance companies and act as a representative for those persons who may have claims against those companies—because the circuit court concluded that there is a "juridical link" among the other insurance companies.[4]

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. In *State ex rel. West Virginia Fire & Casualty Co. v. Karl,* 199 W.Va. 678, 487 S.E.2d 336 (1997), this Court held that obtaining court approval for such "infant settlements" is not required by *W.Va.Code,* 44–10–14 (1929). However, we did not address whether an insurance company's conduct in obtaining such a release without court approval might be actionable.

3. Erie Fire Insurance Company and West Virginia Farmers Mutual Insurance Company are the two petitioners named in the caption of the instant case. Appendix A attached to this opinion

lists the names of (hopefully) all of the other petitioner insurance companies and their counsel.

4. The circuit court stated in its order, denying the other insurance companies' motion to dismiss:

> The plaintiff cites the case of *La Mar v. H & B Novelty & Loan Company,* 489 F.2d 461 (9th Cir.1973), which articulates the [juridical link] exceptions to the general rule upon which defendants, in the instant case, rely.
>
> \* \* \*
>
> Plaintiff goes on to make a list of relationships or links that the defendants in the instant case have with each other. They are as follows:

The other insurance companies then brought the instant writ of prohibition asking this Court to order the circuit court to not conduct further proceedings against them, and to grant their motion to dismiss.

## II.

■ "In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of

"(1) Plaintiff's claim against all of the defendants relates to obtaining a full and final release from a minor in violation of W. Va. Code § 44–10–14 or, alternatively, misrepresenting a release without court approval as a full and final release;
(2) All of the defendants must be licensed to do business in the State of West Virginia;
(3) All of the defendants are regulated by the West Virginia Insurance Commissioner;
(4) All of the carriers have written casualty and/or liability coverage in the State of West Virginia; [1]

---

[1] Defendants who have not settled minors' claims without court approval within the last twenty years have been provided with a form affidavit, and the action against a company signing and properly executing the affidavit will result in a voluntary dismissal by plaintiffs. Over 100 companies have executed such an affidavit and are in the process of being dismissed.

(5) Each of the companies are obligated to follow specific West Virginia statutes governing insurance, i.e., Chapter 33 of the West Virginia Code;
(6) Each of the defendants is obligated to follow the Unfair Settlement Practices Act (see W. Va.Code § 33–11–4);
(7) Each of the defendants is regulated by the West Virginia insurance regulations;
(8) The infant settlement statute, W. Va.Code § 44–10–14, is common to all defendants and to all claims;
(9) Many of these companies are members of the National Insurance Foundation which appeared before the Supreme Court and filed a Motion for Leave to File an *Amicus Curiae* Brief;
(10) Many of the defendants are members of the West Virginia Insurance Federation who filed a Motion for Leave to File an *Amicus Curiae* Brief in the West Virginia Supreme Court;
(11) Many of the defendants are members of the West Virginia Association of Domestic Insurance Companies which filed a Motion for Leave to File an *Amicus Curiae* Brief before the Supreme Court;
(12) Many of the defendants are members of the National Association of Independent Insurers who filed a Motion for Leave to File

other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if

an *Amicus Curiae* Brief in the West Virginia Supreme Court of Appeals;
(13) Counsel for the defendants who argued before the Supreme Court have admitted that many of these carriers committed the same act of obtaining a full and final release without obtaining court approval of minors' personal injury claims (see Petition for Writ of Prohibition, Paragraph 15, p. 11); and
(14) The defendants have held organizational meetings in order to plan their defenses and strategies; and
(15) This motion was a consolidated effort among most of the defendants." [2]

---

[2] At the argument on this motion, one of the defense counsel acknowledged that all defendants were unified on this issue with the exception of one attorney who presented the rebuttal argument on behalf of his client.

Plaintiff then summarizes the effect of these combinations of factors:

"These factors clearly establish a united organization and/or legal relationship, and there can be little doubt that a single resolution of the dispute raised in these pleadings which is common to all plaintiffs and all defendants would be expeditious and make the single resolution of this case preferable to a multiplicity of similar actions. There would be great judicial convenience and economy promoted by certification in this action." (Plaintiffs' brief p. 15).

\* \* \*

The question, then, is to put this case at rest without further inquiry. It is unlikely that the word will get out among the citizens as to whether they may have a cause of action against a carrier for an unlawful settlement of their claims. The result will truly be economical and expeditious.

Only by bringing the defendants together in one action can there be any assurance that infants who have been harmed by approvals will truly have their day in court.

This court is satisfied that a united organization and/or legal relationship has been established to produce an expeditious single resolution of these cases such as to produce judicial economy and the result evenly applied throughout the State of West Virginia.

The consolidated motion to dismiss is OVER-RULED.

the error is not corrected in advance." Syllabus Point 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

The circuit court's decision to deny the other insurance companies' motion to dismiss adopted, by acknowledgment, the "juridical link" doctrine. The doctrine has developed as part of Rule 23 class action certification analysis. The leading case in its development is *La Mar v. H & B Novelty and Loan Co.,* 489 F.2d 461 (9th Cir.1973).

In *La Mar,* a plaintiff who had a Truth In Lending Act claim against a single pawn broker sued all of the pawn brokers in Oregon on behalf of all persons who had been allegedly cheated by those pawn brokers in the same fashion.

The Ninth Circuit ruled that under *Federal Rule of Civil Procedure 23,*

... a plaintiff who has no cause of action against the defendant can not 'fairly and adequately protect the interests' of those who do have such causes of action. This is true even though the plaintiff may have suffered an identical injury at the hands of a party other than the defendant and even though his attorney is excellent in every material respect. Obviously this position does not embrace situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury. *Nor is it intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.*

489 F.2d at 466 (footnotes omitted, emphasis added).

The case law that has evolved under Rule 23 [5] generally holds that in a class action against multiple defendants, if there is not a named representative plaintiff with a claim against a defendant, a class action may not be maintained against such a defendant unless there is alleged to be a conspiracy or concerted action, or a "juridical link," between such a defendant and a defendant against whom a named representative plaintiff does have a claim. *See La Mar,* 489 F.2d at 466. *See also Leer v. Washington Educ. Ass'n.,* 172 F.R.D. 439, 447–450 (W.D.Wash. 1997); *Murer v. Montana State Compensation Mutual Insurance Fund,* 849 P.2d 1036, 1038–39, 257 Mont. 434, —— (Mont.1993); *Cedar Crest Funeral Home, Inc. v. Lashley,* 889 S.W.2d 325, 331–32 (Tex.App.1993); *Streich v. American Family,* 399 N.W.2d 210, 215–16 (Minn.App.1987); *Itel Securities Litigation,* 89 F.R.D. 104, 117–123 (N.D.Cal. 1981); *United States v. Trucking Employers, Inc.,* 75 F.R.D. 682, 689 (D.D.C.1977).

A "juridical link" is typically found where multiple defendants are, with respect to the conduct at issue in the litigation, bound together by their official status, agreements, statutes, or in a similar fashion. *Trucking Employers, supra,* 75 F.R.D. at 686. It appears that no jurisdiction has found such a link among insurance companies. *See Kittay v. Allstate Ins. Co.,* 78 Ill.App.3d 335, 33 Ill.Dec. 867, 397 N.E.2d 200 (1979); *Turpeau v. Fidelity Fin. Servs., Inc.,* 936 F.Supp. 975 (N.D.Ga.1996), *aff'd,* 112 F.3d 1173 (11th Cir. 1997); *Streich, supra; Murer, supra.*

■ The circuit court's basis for finding a juridical link in the instant case was an amalgam of factors that can be grouped into five areas: (1) common defense activities in the instant litigation; (2) common membership in trade groups; (3) common regulatory and licensure statutes; (4) common practices at issue in the litigation; and (5) the desirability of a common resolution to the issues in the litigation.

Reviewing these areas, we determine that factors (1) and (2) may not in the instant case serve as a basis for finding a juridical link. We are not cited to any authority that common defense strategies in litigation should inure to the detriment of litigants. To penalize such conduct could discourage economy in litigation. As to common membership in trade groups, in the absence of evidence of rules, agreements, etc. to adhere to common practices and policies pertinent to the litiga-

5. We note that effective April 6, 1998, this Court adopted a new version of *West Virginia Rules of Civil Procedure* Rule 23. Our new version is essentially identical to the federal rule and the rule in most states.

tion, this activity does not tend to show a juridical link.

As to factor (3), common regulatory and licensure statutes, we similarly conclude that this factor does not, absent a greater degree of particularity than is shown in the instant case, provide support for finding a juridical link. After all, most all automobile drivers have driver's licenses and have to obey the same laws—but such commonality does not in itself allow a plaintiff who is injured by a law-breaking licensed driver to sue all such drivers on behalf of all of the persons injured by such drivers.

As to factor (4), common practices, the case law has generally held that a mere commonality of practice by a group of defendants, unaccompanied by further linkage among them, does not itself establish a jurid-ical link. *Trucking Employers, supra; Murer, supra; Cedar Crest, supra.*

Finally, as to factor (5), the desirability of a common resolution, we can understand the circuit court's conclusion that judicial economy would be served by resolving in one proceeding the issue of whether purportedly "full and final" infant settlement releases that are not approved by a court are actionable, and whether persons who have signed such releases are entitled to relief. However, legal determination of that issue does not require multiple defendants.

In the instant case, because this matter is before this Court on a writ of prohibition, we are presented with a limited factual record. For that reason we do go beyond the foregoing discussion regarding the nature and general applicability of the doctrine of "juridical link" in connection with Rule 23 issues.[6]

**6.** The petitioners also argue that because Barker does not herself have a personal claim against each of the other insurance companies, she did not present to the circuit court a justiciable case or controversy over which the circuit court has subject matter jurisdiction—under article 8, section 3 of our state *Constitution*—against the other insurance companies. That is, the petitioners argue that Barker did not make allegations against the other insurance companies that would give her constitutional subject matter jurisdiction "standing."

This Court has stated that:
> The question of standing to sue is whether the litigant has alleged such a personal stake in the outcome of the lawsuit so as to present the court with a justiciable controversy warranting judicial resolution of the dispute. In order to have standing to sue, a party must allege an injury in fact, either economic or otherwise, which is the result of the challenged action and show that the interest he seeks to protect by way of the institution of legal proceedings is arguably within the zone of interests protected by the statute, regulation or constitutional guarantee which is the basis for the lawsuit.

*Snyder v. Callaghan,* 168 W.Va. 265, 275, 284 S.E.2d 241, 248 (1981) (citations omitted). "In West Virginia the slippery doctrine of standing is not usually employed to avoid a frontal confrontation with an issue of legitimate public concern." *State ex rel. Alsop v. McCartney,* 159 W.Va. 829, 838, 228 S.E.2d 278, 283 (1976). Moreover, "a simple, easily comprehensible definition of subject matter jurisdiction is almost a contradiction in terms. Complex issues often make the determination of subject matter jurisdiction difficult, as for example, justiciability, ripeness, mootness, standing, case or controversy, and political questions." *Eastern Associated*

*Coal Corp. v. Doe,* 159 W.Va. 200, 208, 220 S.E.2d 672, 678 (1975).

Based in part upon the slipperiness of standing issues and the complexity of subject matter jurisdiction jurisprudence that this Court has recognized, and in part upon the prudence that cautions against deciding constitutional matters when it is unnecessary to do so, we decline the invitation to engage in a constitutional subject matter jurisdictional "standing" analysis to decide whether and when a representative plaintiff on behalf of a class that has been allegedly injured by multiple defendants may assert claims against defendants who are not alleged to have personally injured the named plaintiff.

We follow the approach taken in the leading *La Mar* case, in which the "juridical link" doctrine arose. The *La Mar* court said: "No one contends, of course, that there is no case or controversy between the defendants who seek in these cases to be dismissed and their customers [whom the plaintiff sought to represent]." 489 F.2d at 464.

A similar approach was taken by the United States Supreme Court in the recent case of *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In *Amchem,* the Court faced arguments that a class action did not present a justiciable case or controversy. The Court expressly declined to address those issues, stating that the Rule 23 issues are "logically antecedent to the existence of any Article III [justiciability] issues, [and therefore] it is appropriate to reach them first[.]" 521 U.S. at ——, 117 S.Ct. at 2244, 138 L.Ed.2d at 706.

In the leading Supreme Court case involving constitutional standing and class actions, *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) representative plaintiffs were held to have no standing, so that there was no justiciable case or controversy—because they had

However, we do decide that, upon the factors cited by the circuit court as the basis for finding a juridical link among the other insurance companies, the circuit court erred in finding a juridical link, and in refusing to grant their motion to dismiss.

### III.

#### Conclusion

Consequently, the writ of prohibition is granted, and the circuit court is required to grant the other insurance companies' motion to dismiss.

Writ Granted.

Justice McCUSKEY, deeming himself disqualified, did not participate in the decision in this case.

Judge JOHN W. HATCHER, Jr., sitting by special assignment.

### APPENDIX A

ROBERT G. STEELE
J. GREG GOODYKOONTZ

no claims against *any* of the defendants. In the instant case, as in *La Mar*, Barker does have a cognizable claim against one of the multiple defendants, and seeks to represent a class of persons with alleged claims against the others.

The distinction between constitutional subject matter jurisdiction standing, and Rule 23 "typicality" (also sometimes confusingly called "standing" in the Rule 23 context) was recognized in *Cedar Crest Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325, 330 (Tex.App.1993). In *Cedar Crest*, the court followed *La Mar, supra*, holding that the issue of the named plaintiff's ability to present claims of a plaintiff class against defendants against whom the named plaintiff had no claim should be decided in the Rule 23 context, and not in addressing subject matter jurisdiction.

Echoing this approach, the court in *Akerman v. Oryx Communications*, 609 F.Supp. 363, 375 (S.D.N.Y.1984), *aff'd*, 810 F.2d 336 (2d Cir.1987) said:

A number of commentators have argued against an overly rigid application of [constitutional] standing principles in the context of class action litigation.... Certainly, many of the prudential concerns traditionally associated with the standing doctrine are met as long as at least one plaintiff who is clearly an injured party sues at least one defendant who has caused him injury. As critics of a high standing threshold in class actions have pointed out, the Rule 23 requirements of adequacy of representation and typicality of claims ensure a vigorous and focused litigation of the common issues even though the

AMY M. SMITH
DANIEL C. COOPER
JACQUELINE A. WILSON
Steptoe & Johnson
Sixth Floor, Bank One Center
P.O. Box 2190
Clarksburg, WV 26302–2190
Attorneys for Defendants
Aetna Casualty & Surety Company
Aetna Insurance Company
Aetna Commercial Insurance Company
Aetna Casualty Company
Aetna Casualty & Surety Company of Illinois
Aetna Casualty & Surety Company of America
AIU Insurance Company
Albany Insurance Company
American International South Insurance Company

named plaintiff may not have a cause of action against each named defendant.

\* \* \*

Commentators note that the Supreme Court has relaxed another aspect of justiciability— the mootness requirement—in class actions challenging constitutional violations that are capable of repetition but which would evade review if the mootness doctrine were strictly construed.... In such situations, it has permitted class action litigation to run its course in spite of the mooting of a named party's claim.

Concededly, some courts have taken another tack, and have either merged constitutional case-and-controversy subject matter jurisdiction with Rule 23 issues, or held that strict constitutional standing requirements must be achieved before a Rule 23 analysis is performed. *See, e.g., Weiner v. Bank of King of Prussia*, 358 F.Supp. 684 (E.D.Pa.1973); *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70 (S.D.N.Y.1986).

However, it has also been said that:

[T]he *Weiner* ruling ... rarely has been followed in civil rights defendant class litigation. Most courts have used the *La Mar* juridical link exception to bypass any standing problems.... A more direct approach would view standing on the basis of the class rather than on the standing of the individual class members.

Comment, *Defendant Class Actions and Federal Civil Rights Litigation*, 33 U.C.L.A. L.Rev. 283, 305, n. 105 (1986).

American and Foreign Insurance Co.

American Employers' Insurance Co.

American Home Assurance Company

American International Insurance Co.

American International Insurance Company of Delaware

American International Pacific Insurance Company

Atlas Assurance Company

Automobile Insurance Company of Hartford

Birmingham Fire Insurance Company of Pennsylvania (misidentified as "Birmingham Fire Insurance Company of PA")

Charter Oak Fire Insurance Company

Church Mutual Insurance Company

Cincinnati Indemnity Company

Cincinnati Insurance Company

Cincinnati Casualty Company

Classic Insurance Company

Colonial Penn Insurance Company

Colonial Penn Franklin Insurance Co.

Commerce and Industry Insurance Co.

Commercial Union Insurance Company

Employers Mutual Casualty Company

Erie Insurance Exchange

Erie Insurance Property & Casualty Co.

Erie Insurance Company

Fairmont Insurance Company

Farm Family Casualty Insurance Company (misidentified as "Farm Family Mutual Insurance Company")

Farmington Casualty Company

GEICO General Insurance Company

GEICO Indemnity Company

Globe Indemnity Company

Government Employees Insurance Co.

Granite State Insurance Company

Guarantee Insurance Company

Hartford Steam Boiler Inspection and Insurance Company

Highlands Insurance Company

Home Insurance Company

Horace Mann Insurance Company

Illinois National Insurance Company

Jefferson–Pilot Property Insurance Co.

L.M.I. Insurance Company

Markel Insurance Company

Markel American Insurance Company

Medical Assurance of West Virginia, Inc.

MGA Insurance Company, Inc.

Mid–American Fire & Casualty Company (inappropriately named "Mid–American Fire Insurance Company")

Midwestern Indemnity Company

National Liability & Fire Insurance Company

National Insurance Association

National Union Fire Insurance Company of Pittsburgh, Pa. (misidentified as "National Union Fire Insurance Company Pennsylvania")

National Indemnity Company

National Continental Insurance Company

New Hampshire Insurance Company

New Hampshire Indemnity Company, Inc. (misidentified as "New Hampshire Indemnity Company")

Newark Insurance Company

Nichido Fire & Marine Insurance Co.

Northwestern National Insurance Co.

Northwestern National Casualty Company

Oak Casualty Insurance Company

Phoenix Assurance Company of New York

Phoenix Insurance Company

Progressive Northern Insurance Company

Progressive Specialty Insurance Company

Progressive Preferred Insurance Company

Progressive Casualty Insurance Company

Progressive Northwestern Insurance Co.

Reliance National Insurance Company

Reliance Insurance Company

Reliance National Indemnity Company

Reliance Surety Company

Royal Indemnity Company

Royal Special Risks Insurance Company

Royal Insurance Company of America

Safeguard Insurance Company

Southern Fire & Casualty Insurance Company

Southern Pilot Insurance Company

Standard Fire Insurance Company

Teachers Insurance Company

The Northern Assurance Company of America

The Employers' Fire Insurance Co.

The Insurance Company of the State of Pennsylvania (misidentified as "Insurance Company of The State of Pennsylvania")

TIG Insurance Company

TIG Countrywide Insurance Company

TIG Reinsurance Company

TIG Premier Insurance Company

TIG Indemnity Company

Travelers Indemnity Company of America

Travelers Indemnity Company of Illinois

Travelers Indemnity Company of Missouri

Travelers Indemnity Company of Connecticut

Travelers Indemnity Company

Truck Insurance Exchange

Union & Phenix Espanol Insurance Co.

United Guaranty Residential Insurance Company of North Carolina (misidentified as "United Guaranty Residential North Carolina")

United Guaranty Residential Insurance Company (misidentified as "United Guaranty Residential")

United Guaranty Commercial Insurance Company (misidentified as "United Guaranty Commercial Insurance")

United Pacific Insurance Company

United Southern Assurance Company

LANDERS P. BONENBERGER

R. GREGORY MCDERMOTT

McDermott, Bonenberger, McDermott & Gallaway

53 Washington Avenue

Wheeling, WV 26003

Attorneys for Defendants

Agricultural Insurance Company

American Alliance Insurance Company

American Eagle Insurance Company

American National General

American National Fire Insurance

American Spirit Insurance Company

American National Property & Casualty Company

Balboa Insurance Company

Eagle American Insurance Company

Great American Insurance Company

Guaranty National Insurance Company

Hartford Casualty Ins. Co.

Hartford Accident & Indemnity

Hartford Fire Ins. Co.

Hartford Ins. Co. of the Midwest

Hartford Underwriters Ins. Co.

Infinity Insurance Company

Regal Insurance Company

S.C. Insurance Company & Consolidated American Ins. Co.

Twin City Fire Ins. Co.

Transport Insurance Company

United Services Automobile Association

Windsor Insurance Company

New England Insurance Company

DAVID A. SIMS

DEBRA TEDESCHI HALL

Sims and Hall

1200 Harrison Avenue, Suite 2000

Post Office Box 2659

Elkins, WV 26241

Attorneys for Defendants

Farmers and Mechanics Mutual Insurance Company of West Virginia

Farmers' Mutual Insurance Company

Inland Mutual Insurance Company

Municipal Mutual Insurance Company

Pan Handle Farmers Insurance Company of West Virginia

Safe Insurance Company

West Virginia Insurance Company

BRENT K. KESNER

Kesner, Kesner & Bramble

Suite 500, United Center

500 Virginia Street, East

Charleston, WV 25301

Attorney for Defendants

Westfield Insurance Co.

Ohio Farmers Insurance Co.

Westfield National Insurance Co.

GARY W. HART
Jackson & Kelly
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
Attorney for Defendants
Medmarc Casualty Insurance Co.
MIC Property & Casualty Insurance Co.
National General Insurance Co.

DANIEL TOMASSETTI
ROBERT J. HANNEN
Hannen & Tomassetti
2108 Lumber Avenue, Suite 4
Wheeling, WV 26003
Attorneys for Defendant
The Integral Company

GEORGE J. ANETAKIS
Frankovitch & Anetakis
337 Penco Road
Weirton, WV 26062–3826
Attorney for Defendant
American Motorists Insurance Co.
American Protection Insurance Co.
American Manufacturers Mutual Insurance Co.
Lumbermens Mutual Casualty Co.
Ohio Casualty Insurance Co.
West American Insurance Co.
Vigilant Insurance Co.
Federal Insurance Co.
Pacific Indemnity Co.
The Sun Insurance Office of America
Alliance Insurance Company of America
The Sea Insurance Company of America

JOSEPH J. BOSICK
Pietragallo, Bosick & Gordon
The Thirty–Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
Attorney for Defendants
First General Insurance Company
Florists' Mutual Insurance Company
Great West Casualty Company
J.C. Penney Casualty Insurance Company
John Deere Insurance Company

Metropolitan Casualty Company
Metropolitan General Insurance Company
Metropolitan Property & Casualty Insurance Co.
North American Specialty Insurance Company
Old Republic Insurance Company
Old Republic Minnehoma Insurance Company
The North River Insurance Company
United States Fire Insurance Company
Utica Mutual Insurance Company
Westchester Fire Insurance Company

BOYD L. WARNER
G. THOMAS SMITH
Waters, Warner & Harris
701 Goff Building
Post Office Box 1716
Clarksburg, WV 26302–1716
Attorneys for Defendant
USF & G
Fidelity & Guaranty Insurance Company
Fidelity & Guaranty Insurance Underwriters

ERIC K. FALK
Davies, McFarland & Carroll, P.C.
The Tenth Floor
One Gateway Center
Pittsburgh, PA 15222–1416
Attorney for Defendant
Houston General Insurance Company
Tokio Marine Management, Inc.

JOHN L. COOLEY
Wooten & Hart
Post Office Box 12247
Roanoke, VA 24024–2247
Attorney for Defendants
Brotherhood Mutual Insurance Company

MARY H. SANDERS
Huddleston, Bolen, Beatty, Porter & Copen
One Bridge Place
10 Hale Street
Post Office Box 3786
Charleston, WV 25337
Attorney for Defendants

Affirmative Insurance Company
Anthem Casualty Insurance Company
Insura
Shelby Insurance Company

BENJAMIN L. BAILEY
Bowles, Rice, McDavid, Graff & Love
Post Office Box 1386
Charleston, WV 25325
Attorney for Defendants
Allstate Insurance Company
Allstate Indemnity Company
North Star Reinsurance Corporation
General Star National Insurance Company
Genesis Insurance Company
National Reinsurance Corporation

LESTER C. HESS, JR.
Bachman, Hess, Bachman & Garden,
   P.L.L.C.
1226 Chapline Street
Post Office Box 351
Wheeling, WV 26003–0046
Attorney for Defendants
State Auto National Insurance Company
State Auto Property & Casualty Insurance
   Co.
State Automobile Mutual Insurance Co.
Milbank Insurance Company
Minnesota Fire and Casualty Company

J. MICHAEL WEBER
Spilman, Thomas & Battle
417 Grand Park Drive, Suite 203
Post Office Box 1468
Parkersburg, WV 26102–1468
Attorney for Defendants
American General Property Insurance Co.
Thomas Jefferson Insurance Company
Yosemite Insurance Company
First Financial Insurance Company
Century Surety Company
Selective Insurance Company of the South-
   east

DOUGLAS N. GODSHALL
Vogelgesang, Howes, Lindamood & Brunn
400 Tuscarawas Street, West, Suite 200
Post Office Box 20870

Canton, OH 44701–0870
Attorney for Defendant
Automobile Club Insurance Co.

RICHARD C. POLLEY
S. JANE ANDERSON
Dickie, McCamey & Chilcote
1233 Main Street, Suite 2002
Wheeling, WV 26003–2839
Attorneys for Defendants
Amica Mutual Insurance Company
Argonaut Great Central Insurance Compa-
   ny
Harleysville Mutual Insurance Company
Huron Insurance Company

BRUCE A. KAYUHA
Rose, Padden & Petty, L.C.
201 Walnut Street
Post Office Box 1518
Morgantown, WV 26507–1518
Attorney for Defendants
American Family Home Insurance Compa-
   ny
American Modern Home Insurance Com-
   pany

DANIEL F. RYAN, III
BETH ANN LEAMING
O'Brien & Ryan
Suite 300, Hickory Pointe
Plymouth Meeting, PA 19462
Attorneys for Defendant
Rockwood Casualty Insurance Company

REBECCA L. ROSS
CHARLES T. BLAIR
Ross, Dixon & Masback, L.L.P.
601 Pennsylvania Avenue, NW
North Building
Washington, DC 20004–2000
Attorneys for Defendants
American Casualty Company of Reading,
   PA
Boston Old Colony Insurance Co.
The Buckeye Union Insurance Co.
Commercial Insurance Company of New-
   ark, NJ
Continental Casualty Company
Continental Reinsurance Corporation

The Fidelity and Casualty Company of New York

The Glen Falls Insurance Company

Kansas City Fire and Marine Insurance Company

National Fire Insurance Company of Hartford

Niagara Fire Insurance Company

Transcontinental Insurance Company

Transportation Insurance Company

Valley Forge Insurance Company

The Continental Insurance Company

ERIC N. ANDERSON
DANIEL LAWSON
Meyer, Darragh, Buckler, Bebenek & Eck
2000 Frick Building
Pittsburgh, PA 15219–6194
Attorneys for Defendants
Protective Insurance Company
Harco National Insurance Company
Stratford Insurance Company
Atlantic Mutual Insurance Company
Centennial Insurance Company
Providian Auto and Home Insurance
Safeco Insurance Company of America
First National Insurance Company of America
General Insurance Company of America
The American Insurance Company
Bankers Multiple Line Insurance Company
Lititz Mutual Insurance Company

D. KEVIN COLEMAN
Schrader, Byrd, Companion & Gurley
32–20th Street, Suite 500
Post Office Box 6336
Wheeling, WV 26003
Attorney for Defendants
St. Paul Fire & Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Medical Liability Company
St. Paul Mercury Insurance Company
Economy Fire & Casualty Company
Economy Preferred Insurance Company

Economy Premier Assurance Company

Northbrook Property & Casualty Insurance Company

Northland Insurance Company

Forum Insurance Company

Montgomery Ward Insurance Company

Athena Insurance Company

Seaboard Surety Company

Northbrook Indemnity Company

Northbrook National Insurance Company

JEFFREY M. WAKEFIELD
Flaherty, Sensabaugh & Bonasso
200 Capitol Street, Fourth Floor
Post Office Box 3843
Charleston, WV 25338–3843
Attorney for Defendants
Prudential General Insurance Company
Prudential Property & Casualty Insurance Company

ARTHUR BLOOM
Margolis Edelstein
1500 Grant Building
Pittsburgh, PA 15210–2203
Attorney for Defendant
Harford Mutual Insurance Company

ALBERT J. MEZZANOTTE, JR.
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, MD 21202–1626
Attorney for Defendant
Harford Mutual Insurance Company

CHARLES T. BERRY
Bowles Rice McDavid Graff & Love
1000 Technology Drive, Suite 2310
Fairmont, WV 26554
Attorney for Defendants
Allstate Insurance Company
Allstate Indemnity Company
General Reinsurance Corporation
General Star National Insurance Company
National Reinsurance Company
North Star Reinsurance Company
Genesis Insurance Company

MICHAEL B. VICTORSON
Robinson & McElwee, LLP
Post Office Box 1791

Charleston, WV 25326
Attorney for Defendants
Assurance Company of America
Maryland Casualty Company
Northern Insurance Company of New York
Valiant Insurance Company
Zurich Insurance Company

JAMES W. HARVEY
Suite 2910—One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Attorney for Defendants
General Accident Ins. Company of America
The Camden Fire Insurance Association
Pennsylvania General Insurance Company
Potomac Insurance Company of Illinois

R. CARTER ELKINS
LAURA L. GRAY
Campbell, Woods, Bagley, Emerson, McNeer & Herndon
401 11th Street
Post Office Box 1835
Huntington, WV 25719–1835
Attorneys for Defendants
State Farm Mutual Automobile Insurance Company
State Farm Fire & Casualty Company
State Farm General Insurance Company

ANN L. HAIGHT
JOHN R. MCGHEE, JR.
Kay, Casto, Chaney, Love & Wise
1600 Bank One Center
Post Office Box 2031
Charleston, WV 25327
Attorneys for Defendants
International Insurance Company
Jefferson Insurance Company
Lincoln General Insurance Company
Midwest Mutual Insurance Company
Preferred Risk Insurance Company

JOHN PRESTON BAILEY
Bailey, Riley, Buch & Harman
Post Office Box 631

Wheeling, WV 26003–0081
Attorney for Defendants
American Bankers Insurance Company of Florida
American Reliable Insurance Company
Bankers Standard Insurance Company
Century Indemnity Company
CIGNA Fire Underwriting Insurance Company
CIGNA Indemnity Insurance Company
CIGNA Insurance Company
CIGNA Property & Casualty Insurance Company
CIGNA Reinsurance Company
Indemnity Insurance Company of North America
Insurance Company of North America
Pacific Employers Insurance Company
Skandia U.S. Insurance Company

THOMAS V. FLAHERTY
Flaherty, Sensabaugh & Bonasso
200 Capitol Street—4th Floor
Post Office Box 3843
Charleston, WV 25338
Attorney for Defendants
American Casualty Company of Reading, PA
Boston Old Colony Insurance Co.
The Buckeye Union Insurance Co.
Commercial Insurance Company of Newark, NJ
Continental Casualty Company
Continental Reinsurance Corporation
The Fidelity and Casualty Company of New York
Firemen's Insurance Company of Newark, NJ
The Glen Falls Insurance Company
Kansas City Fire and Marine Insurance Company
National Fire Insurance Company of Hartford
Niagara Fire Insurance Company
Transcontinental Insurance Company
Transportation Insurance Company
Valley Forge Insurance Company

Federated Rural Electric Insurance Company

The Continental Insurance Company

CHRISTOPHER P. BASTIEN
CHERYL A. KEFFER
Bastien & Martin
P.O. Box 2151
1337 Virginia Street, East
Charleston, WV 24328
Attorneys for Defendants
Westport Insurance Corporation
Financial Guaranty Insurance Company
Employers Reinsurance Corporation

CATHERINE D. MUNSTER
JAMES A. VARNER
GENE W. BAILEY, II
McNeer, Highland, McMunn & Varner
Post Office Drawer 2040
Clarksburg, WV 26302–2040
Attorneys for Defendants
BCS Insurance Company
Canal Insurance Company
Carolina Casualty Insurance Company
Chicago Insurance Company
Federated Mutual Insurance Company
Foremost Insurance Company
Foremost Property & Casualty Insurance Company
Foremost Signature Insurance Company
Providence Washington Insurance Co.
York Insurance Company
Interstate Insurance Group
Kentucky National Insurance Company
Republic Mutual Insurance Company
State Farm Fire & Casualty Company
State Farm Mutual Insurance Company
The Celina Mutual Insurance Company
State Farm General Insurance Company
West Virginia Farmers Mutual Insurance Company

DAVID L. WYANT
Shuman, Annand & Poe
1233 Main Street, Suite 3002
Wheeling, WV 26003
Attorney for Defendants

American Hardware Insurance Company
Dairyland Insurance Company
Greater New York Mutual Insurance Co.
MICO Insurance Company
Motorists Mutual Insurance Company
NAC Re–Insurance Corporation
Sentry Insurance Company
Universal Underwriters Insurance Co.
Greenwich Insurance Company
Seneca Insurance Company
Continental National Indemnity Company
Reinsurance Corporation of New York

JOSEPH W. SELEP
GEORGE N. STEWART
Zimmer Kunz
3300 USX Tower
600 Grant Street
Pittsburgh, PA 15219–2702
Attorneys for Defendants
Liberty Mutual Insurance Company
Liberty Mutual Fire Insurance Company
The First Liberty Company
L.M. Insurance Corporation

PAUL T. TUCKER
Bachmann, Hess, Bachmann & Garden, P.L.L.C.
P.O. Box 351
Wheeling, WV 26003
Attorney for Defendants
Nationwide Mutual Insurance Company
G. Craig Sherman
Universal Insurance Company
Colonial Insurance Company of California
Nationwide Mutual Fire Insurance Company
Nationwide Property & Casualty Insurance Company
Wausau Business Insurance Company
Wausau Underwriters Insurance Company
New South Insurance Company
Bankers and Shippers Insurance Company
Integon Indemnity Corporation
Employers Insurance of Wausau
National Casualty Company
National American Insurance Company
Nobel Insurance Company

Capital City Insurance Company, Inc.
Lancer Insurance Company
Brotherhood Mutual Insurance Company