FIFTH DIVISION

No. 1-09-0385

| | | |
|---|---|---|
| CLARENCE BOWERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 06L009594 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | The Honorable |
| INSURANCE AGENCY, | ) | John A. Ward, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Plaintiff Clarence Bowers appeals from an order of the circuit court dismissing with prejudice his complaint against defendant State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

BACKGROUND

In this case, we are called upon to determine whether plaintiff sufficiently stated a claim that State Farm's employment of staff counsel to represent its insured in litigation gives rise to a cause of action for the unauthorized practice of law such that it could withstand a motion to dismiss under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2008)).

In September 2006, plaintiff filed suit against State Farm individually and as a purported class representative. In his complaint, plaintiff alleged that he was insured by State Farm under an automobile insurance policy which included general liability coverage. He alleged that State

No. 1-09-0385

Farm provided staff counsel to represent plaintiff in connection with an unrelated claim brought against him.

Plaintiff's complaint set forth a number of claims, most of which were voluntarily dismissed. Only count I, captioned "Unauthorized Practice of Law," is at issue in this appeal. In that count, plaintiff alleged the unauthorized practice of law where State Farm used employee attorneys on staff at the Law Offices of Bruce Farrel Dorn & Associates (Law Offices) to represent State Farm's insureds. The complaint named as defendants two of the attorneys employed by State Farm as staff counsel, Bruce Farrel Dorn and Craig Lederer, as well as State Farm.

Upon being advised that plaintiff's counsel was pursuing a similar matter regarding State Farm's staff counsel arrangement in two other cases pending in the circuit court, Jacobs v. State Farm, No. 03L014178, and Lazenby v. Izrael, No. 01L016660, the court entered an order consolidating the three actions for pretrial purposes.[1]

State Farm moved to dismiss count I, the only remaining count of Bower's complaint, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)). While State Farm's motion to dismiss was pending, we issued a ruling in the Jacobs appeal in which we rejected the plaintiff's assertion that State Farm's staff counsel arrangement violates

[1]That order stated, in pertinent part, that the Bowers, Lazenby, and Jacobs cases were transferred to Judge Allen S. Goldberg and consolidated "for the purposes of pre-trial proceedings with Judge Goldberg to make a determination at a later date whether they are to be tried separately."

2

No. 1-09-0385

the prohibition against the unauthorized practice of law. Jacobs v. State Farm Insurance Agency, No. 1071057 (2008) (unpublished order under Supreme Court Rule 23).

The trial court heard arguments on the motion to dismiss. In October 2008, the court, by memorandum opinion, dismissed plaintiff's claim with prejudice, pursuant to section 2-615, relating to State Farm's use of staff attorneys to represent insureds. The court held that such representation was legal and permitted under Illinois law, concluding that defendants' use of staff attorneys fell under the exception provided by section 5 of the Corporation Practice of Law Prohibition Act (705 ILCS 220/5 (West 2004)) (Act) and Kittay v. AllState Insurance Co., 78 Ill. App. 3d 335 (1979). The court found that the Act and Kittay "clearly and unequivocally authorize" the staff counsel arrangement at issue here and "compel the granting of State Farm's motion to dismiss." It noted:

"[T]his case is the latest in a string of filings by plaintiff's

counsel attacking the so-called 'staff counsel' arrangement used by

State Farm."

The court also concluded that, while the above authorities "compel the granting" of the motion to dismiss, this court's ruling in Jacobs is "the final nail in the coffin of plaintiff's claim of the unauthorized practice of law." Citing Alwin v. Village of Wheeling, 371 Ill. App. 3d 898, 911-14 (2007), the court noted that because the Jacobs case and the case at bar were consolidated at the trial level, our ruling in the Jacobs case constituted the law of the case.

Thereafter, plaintiff filed a motion to vacate, which the court denied. Plaintiff now appeals.

3

No. 1-09-0385

ANALYSIS

In this appeal, plaintiff contends that the trial court erred in dismissing his claim that State Farm was engaged in the unauthorized practice of law through the Law Offices of Bruce Farrel Dorn & Associates where State Farm "holds out to the public generally that it is entitled to practice law through these employee attorneys" and "it is common knowledge that non-lawyers are directors or officers of State Farm and that the claims representatives and others [*sic*] non-lawyers at State Farm can direct or control the professional judgment of State Farm employee attorneys." We disagree and find that the trial court properly dismissed plaintiff's complaint pursuant to section 2-615. From a thorough review of Illinois law and the record on appeal, it is clear that State Farm's employment of the Law Offices of Bruce Farrel Dorn & Associates to represent its policyholders is permitted under Illinois law.

Initially, plaintiff contends that the trial court erroneously relied on Jacobs v. State Farm Insurance Agency, No. 1071057 (2008) (unpublished order under Supreme Court Rule 23), an unpublished Rule 23 order, to decide the case at bar. Specifically, plaintiff argues that Jacobs cannot be considered the law of the case because, although it was consolidated with the instant case, the two cases "were intended to remain separate, and this is proven by the fact that this case continued to be litigated while the Jacobs case was on appeal to this Court [*sic*]." Plaintiff cites Kassnel v. Village of Rosemont, 135 Ill. App. 3d 361, 364 (1985), for this proposition. State Farm responds that, while Jacobs was not the principal authority relied upon by the trial court, the trial court properly considered it as the rule of the case where Jacobs was consolidated with the instant case and "both cases involved attacks on the State Farm staff counsel arrangement by

4

No. 1-09-0385

Plaintiff's counsel." State Farm cites County of Du Page v. Lake Street Spa, Inc., 395 Ill. App. 3d 110, 123 (2009), and Alwin, 371 Ill. App. 3d 898, for this proposition. Because we, like the trial court, resolve this issue without reliance on Jacobs, we find no need to reach the merits of this argument. Moreover, we note that on review, we can affirm the trial court on any basis that appears in the record, regardless of whether the trial court relied upon such ground or whether its rationale was correct. See Gunthorp v. Golan, 184 Ill. 2d 432, 438 (1998).

"A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." Marshall v. Burger King Corp., 222 Ill. 2d 422, 429 (2006). "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts" and we "construe the allegations in the complaint in the light most favorable to the plaintiff." Marshall, 222 Ill. 2d at 429. "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." Canel v. Topinka, 212 Ill. 2d 311, 318 (2004); Marshall, 222 Ill. 2d at 429. We review an order granting or denying a section 2-615 motion de novo. Marshall, 222 Ill. 2d at 429.

Pursuant to section 1 of the Act, insurance carriers such as defendant State Farm are prohibited from practicing law in Illinois. See 705 ILCS 220/1 (West 2008). Section 5 of the Act, however, provides an exception to this rule. Specifically, an insurance carrier is permitted to "employ[] an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party, or in any litigation in which any corporation may be interested by reason of the issuance of any policy or undertaking of insurance." 705 ILCS 220/5(West 2008).

5

Section 5 also provides that a corporation is not prevented "from furnishing to any person, lawfully engaged in the practice of law, such information or such clerical services in and about his professional work" and "at all times the lawyer receiving this information or services shall maintain full professional and direct responsibility to his clients from the information and services so received." 705 ILCS 220/5 (West 2008).

Section 5 plainly states that a corporation may employ an attorney in any litigation in which the corporation may be interested by reason of the issuance of any policy of insurance. Accordingly, it is lawful for insurance carriers such as State Farm to employ attorneys or a law firm to defend their policyholders.

We find, as did the trial court here, that Kittay is directly on point with the instant case. In Kittay, this court recognized the Illinois statute prohibiting corporations from practicing law contains an express exception for corporations employing attorneys in litigation in which the corporation may be interested by reason of the issuance of any policy of insurance. Kittay, 78 Ill. App. 3d at 338. The Kittay plaintiffs brought an action against three insurance companies that issued policies to them, as well as various other insurance companies which did not issue policies to the plaintiffs, alleging that the defendants were engaged in the unauthorized practice of law in violation of the Act because they used attorneys who were their employees to fulfill the duty to defend required by their policies of insurance. Kittay, 78 Ill. App. 3d at 337. The Kittay plaintiffs sought injunctive and monetary relief. Kittay, 78 Ill. App. 3d at 337. The trial court held, and this court affirmed, that the defendants were permitted to employ attorneys to represent their policyholders, as this did not constitute the unauthorized practice of law. Kittay, 78 Ill.

6

App. 3d at 337. We agree with the trial court that <u>Kittay</u> is consistent with the Act's section 5 exception in its holding that section 5 authorizes the defendant insurance companies to employ attorneys to defend their policyholders where "[t]he defendant insurance companies surely have such an interest in the defense of their insureds since they have a monetary obligation under the policies." <u>Kittay</u>,78 Ill. App. 3d at 338.

We are unpersuaded by plaintiff's argument that section 5 and <u>Kittay</u> have been implicitly overruled by Rule 5.4 of the Rules of Professional Conduct and Supreme Court Rule 721. Rule 5.4 states, in relevant part:

"(c) A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(D) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:

(1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;

(2) a nonlawyer is a corporate director or officer thereof, except that a nonlawyer may serve as secretary thereof if

7

No. 1-09-0385

> such secretary performs only ministerial duties; or
>
> > (3) a nonlawyer has the right to direct or control the
>
> professional judgment of a lawyer." 134 Ill. 2d R. 5.4.

Rule 721 states, in relevant part:

> "No corporation, association, limited liability company, or
>
> registered limited liability partnership shall engage in the practice
>
> of law in Illinois, or open or maintain an establishment for that
>
> purpose in Illinois, without a certificate of registration issued by
>
> this court." 210 Ill. 2d R. 721(c).

Plaintiff cites In re Vrdolyak, 137 Ill. 2d 407 (1990), for the proposition that the Illinois Rules of Professional Conduct (the Code) may *sub silentio* overrule judicial opinions which "conflict with its mandates and proscriptions." In re Vrdolyak, 137 Ill. 2d at 422. While we agree that the Code, as part of our supreme court's inherent power over the bar and the courts, may overrule judicial opinions with which it conflicts, we do not find conflict with the case at bar. Specifically, plaintiff has failed to articulate how Kittay, which recognized a corporation's authority to employ staff attorneys to represent its insureds, actually conflicts with any provision of the Code. The Code regulates the conduct of attorneys. Corti v. Fleisher, 93 Ill. App. 3d 517, 532 (1981) (the Code constitutes a "safe guide for the professional conduct of attorneys"). The Act, including section 5, regulates the conduct of corporations. The only section of the Code cited in plaintiff's brief is Rule 5.4, which prohibits certain conduct by attorneys, but does not impose obligations or restrictions on a corporation such as defendant corporation. As such, the

8

No. 1-09-0385

Code does not conflict with the statutory and judicial authorization of conduct by a corporation found in section 5 and Kittay. Accordingly, the Code does not operate to overrule the valid Illinois law permitting defendant State Farm to employ staff attorneys to represent its insureds.

Nor does Rule 721 have any bearing on this case. "The material inquiry in assessing whether there has been an unauthorized practice of law [in relation to Rule 721] is whether the individual who acts on behalf of a client is duly licensed by this court, as it is only individuals–and not corporations–who are granted the privilege to practice law." Ford Motor Credit Co. v. Sperry, 214 Ill. 2d 371, 387 (2005). Rule 721 does not apply here, where plaintiff does not claim that the staff attorneys were not licensed to practice law.

Here, accepting as true all well-pleaded facts and reasonable inferences drawn therefrom, we find that plaintiff failed to sufficiently state a cause of action and, accordingly, the trial court did not err in dismissing this claim pursuant to defendant's section 2-615 motion to dismiss. Illinois law is clear on this matter. An insurance company has a direct pecuniary interest in the underlying third-party action against its insured and, having such an interest, it is entitled to have counsel represent its own interests as well as those of its insured, as long as their interests are aligned.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TOOMIN, P.J., and HOWSE, J., concur.

9

No. 1-09-0385

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**
**(Front Sheet to be Attached to Each Case)**

Please use the following form

CLARENCE BOWERS,

Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

---

Docket No.

COURT
Opinion
Filed

No. 1-09-0385

Appellate Court of Illinois
First District, FIFTH Division

July 9, 2010
(Give month, day and year)

---

JUSTICES

JUSTICE JAMES FITZGERALD SMITH DELIVERED THE OPINION OF THE COURT:
TOOMIN, P.J., and HOWSE, J. concur.

---

APPEAL from the
Circuit Court of Cook
County; the Hon_____
Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in margin:

Cook

Appeal from the Circuit Court of Cook County.

The Hon. John A. Ward, Judge presiding.

---

FOR APPELLANTS
John Doe, of Chicago

For APPELLEES, :

Indicate if attorney represents APPELLANTS or APPELLEES and include attorney's of counsel. Indicate the word or NONE if not represented.

APPELLANT: DAVID A. NOVOSELSKY, BRIAN A. SCHROEDER

---

Smith and Smith of
Chicago,

APPELLEE: JOSEPH A. CANCILA, JR., JAMES P. GAUGHAN

---

(Joseph Brown, of counsel)
Add attorneys for third-
party appellants and/or
appellees.

10