# DENNIS J. HOLISAK v. NORTHWESTERN NATIONAL BANK OF ST. PAUL AND ANOTHER.

210 N. W. 2d 413.

September 14, 1973—Nos. 43673, 43819.

*Kelley & Thorough, James M. Kelley, Burns & Meshbesher,* and *Carey & Stoll,* for appellant.

*Moore, Costello & Hart, B. Warren Hart, Robert A. Albrecht, Ronald E. Martell,* and *Faegre & Benson,* for respondent Northwestern.

*Dorsey, Marquart, Windhorst, West & Halladay, William A. Whitlock, Jan Stuurmans, Briggs & Morgan, Frank J. Hammond,* and *Richard E. Kyle,* for respondent First National.

*Hughes, Hughes & Thoreen* and *Fred J. Hughes,* for Minnesota Bankers Association, amicus curiae.

PETERSON, JUSTICE.

Plaintiff, by individual and class actions against defendant Northwestern National Bank of St. Paul (Northwestern) and defendant First National Bank of St. Paul (First National), both national banking associations, claims that defendants' charging of 8-percent interest on instruments of indebtedness, using the so-called 365/360 method of computation, exceeded the maximum rate of interest permitted under Minn. St. 334.01, this state's usury statute. The National Bank Act, 12 USCA, § 21 et seq., governs the rate of interest national banks may charge, 12 USCA, § 85, providing that interest charges may not exceed the rate of interest permitted state chartered banks in the state in which the national bank is located. Plaintiff seeks to recover double the amount of excess interest paid by him and other members of his class, the recovery provided in 12 USCA, § 86.

The action against Northwestern was ordered dismissed for failure to state a claim upon which relief can be granted, and summary judgment was granted First National. Each of the judges hearing the separate motions ruled as a matter of law that the interest rate resulting from the 365/360 method was authorized by Minn. St. 334.01, as qualified by § 334.03. We affirm.

■ The controlling issue is whether the 365/360 method of interest computation, which results in an actual interest yield slightly in excess of an 8-percent annual rate, is authorized by state law.

The challenged method of interest computation is based upon an artificial year consisting of 360 days. The annual interest

rate is divided by the 360 days; the unpaid balance of indebtedness is multiplied by the percentage so obtained; and the result is then multiplied by the exact number of days in the particular month for which interest is to be charged. The formula:

$$\frac{\text{Annual interest rate }(8\%)}{360} \times \text{unpaid balance} \times \begin{array}{l}\text{exact number of}\\\text{days of month loan}\\\text{is outstanding.}\end{array}$$

Minn. St. 334.01, which plaintiff contends is absolute, to the exclusion of any other statutory provision, provides:

"The interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing; and no person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum * * * than $8 on $100 for one year; * * *."

Section 334.03, however, qualifies § 334.01 with language clearly authorizing the method of computation used by defendant banks:

"* * * Interest at the rate of one-twelfth of eight percent for every 30 days shall not be construed to exceed eight percent per annum; * * *."

Both sections of the statutes must be read together in determining the maximum allowable rate of interest chargeable by banks and others in this state. We hold, as a matter of law, that the 365/360 method of computing interest, although yielding more than 8 percent actual interest, is an authorized and nonusurious interest charge.

This challenged method of computing interest charges is neither novel nor the result of legislative inadvertence. It is not a novel practice, apparently, for plaintiff's brief asserts that these defendants, "like all of their industry colleagues," use a standard manual instructing personnel to employ the 365/360 method of computation. A "universal" custom to calculate interest on 360 days a year was noted as early as 1824 in The Bank of Utica v. Wager, 2 Cow. 712, 763 (N. Y. 1824), affirmed, 8

Cow. 398 (1826). If this were in fact the practice, it could not prevail over explicit statutory limitation to the contrary. What is important, in this context, is that by § 334.03, a statute with antecedents to 1877, the Minnesota Legislature gave express sanction to such practice. If it was not its purpose to authorize the resulting interest rate in excess of an absolute 8 percent, there would have been no reason for the enactment of § 334.03.[1]

■ Secondary issues are raised by plaintiff regarding the summary disposition of these cases in the trial court. Plaintiff contends that summary judgment in his class action against First National was improperly granted where the trial court did not make a prior determination as to the appropriateness of class action treatment under Rule 23, Rules of Civil Procedure. He relies upon the rule that, until there is a final determination that a class action is not appropriate, an action by an individual plaintiff on behalf of a class must be treated as a class action for purposes of dismissal, compromise, or pretrial discovery and summary proceedings.[2] This rule has no application, however, where, as here, the merits of the litigation are fully determinable as a matter of law, based exclusively on judicial construction of controlling state statutes. No genuine issue of material fact would alter the disposition nor, in any event, would any other member of the class be bound by the result.[3] It was sound judi-

---

[1] Minn. St. 334.03 likewise validates the deduction of interest in advance at the maximum permitted rate, notwithstanding that this method similarly produces an effective rate greater than the maximum stated in § 334.01. See, Smith v. Parsons, 55 Minn. 520, 57 N. W. 311 (1893), and Swanson v. Realization & Debenture Corp. 70 Minn. 380, 73 N. W. 165 (1897).

[2] See, Kahan v. Rosentiel, 424 F. 2d 161 (3 Cir. 1970); Torres v. New York State Department of Labor, 318 F. Supp. 1313 (S. D. N. Y. 1970); Gaddis v. Wyman, 304 F. Supp. 713 (S. D. N. Y. 1969); Philadelphia Elec. Co. v. Anaconda American Brass Co. 43 F. R. D. 452 (E. D. Pa. 1968).

[3] See, Laurenzano v. Texaco, Inc. 14 F. R. Serv. 2d 1262 (S. D. N. Y. 1971); Hutchinson v. Fidelity Investment Assn. 106 F. 2d 431 (4 Cir. 1939); Pelelas v. Caterpillar Tractor Co. 113 F. 2d 629 (7 Cir. 1940), cer-

cial discretion to dispose of the Rule 56 motion for summary judgment without needless expenditure of time and expense involved in Rule 23 notice procedures.

Plaintiff similarly contends that it was an abuse of discretion to grant a Rule 12 dismissal of his action against Northwestern without first granting his prior motion for leave to serve an amended complaint. The original complaint had alleged loan transactions for periods of less than one year; the proposed amended complaint would have alleged loan transactions for periods in excess of one year. Motions to amend the pleadings ordinarily are to be granted with liberality. Plaintiff's proposed amendments, however, were without significance since Minn. St. 334.01 applies to loans for periods of more than one year as well as to loans for less than one year. The proposed amendments would not have stated a claim upon which relief could be granted and were accordingly an exercise in futility. We need not decide whether, as Northwestern contends, plaintiff had waived his right to amend his original complaint.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

tiorari denied, 311 U. S. 700, 61 S. Ct. 138, 85 L. ed. 454 (1940); cf. Dolgow v. Anderson, 438 F. 2d 825 (2 Cir. 1971).