Leila STREICH, o.b.o. herself and others similarly situated, Appellant (C7–86–1305), Respondent (CX–86–1363),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., Respondent (C7–86–1305), Appellant (CX–86–1363).

Nos. C7–86–1305, CX–86–1363.

Court of Appeals of Minnesota.

Jan. 20, 1987.

Review Denied March 25, 1987.

Mark Reinhardt, Susan Bedor, Reinhardt and Anderson, St. Paul, for Leila Streich, o.b.o. herself and others similarly situated.

J. Richard Bland, Scott A. Wilson, Meagher, Geer, Markham, Anderson, Flaskamp & Brennan, Minneapolis, Thomas W. Newcome, St. Paul, for American Family Mut. Ins. Co., et al.

Heard, considered, and decided by POPOVICH, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

This case, involving a state-wide plaintiff class of insureds suing a state-wide defendant class of insurance carriers, raises questions concerning class certification under Minn.R.Civ.P. 23. The trial court decertified the defendant class because the requirements of Rule 23 had not been met and because the plaintiffs had failed to demonstrate they had standing to sue the defendants. The court then limited the plaintiff class to only those persons insured by American Family, and it permanently certified this class. The court dismissed all defendants, except American Family, that plaintiff attempted to join when the court decertified the defendant class. Plaintiff appeals from the judgment decertifying the defendant class and the corresponding limitation of the plaintiff class and from the judgment dismissing the joined defendants. American Family appeals the permanent certification of the limited plaintiff class. We affirm.

## FACTS

Leila Streich experienced a gross weekly income loss of $375.43 as a result of injuries she sustained in an automobile accident on September 9, 1981. At the time of the accident, she was insured by American Family under two separate no-fault automobile policies. Pursuant to its interpretation of Minn.Stat. § 65B.44, subd. 3 (1980), American Family paid Streich $200 per

week in income-loss benefits. In February 1982, the Minnesota Supreme Court issued its decision in *Peterson v. Iowa Mutual Insurance Co.*, 315 N.W.2d 601 (Minn. 1982), holding that income-loss benefits under two or more applicable no-fault policies of the same priority level may be stacked to the extent that the insureds receive 85% of their actual gross weekly wages. Five days later, Streich demanded that American Family pay her an extra $103.82 per week to bring the total amount of her income-loss benefits up to 85% of her gross weekly income. American Family refused her demand, arguing that *Peterson* did not apply retroactively.

Streich then initiated this class action seeking to apply *Peterson* retroactively and seeking an injunction directing defendants to make retroactive payments. The trial court conditionally certified a state-wide plaintiff class consisting of all persons who would be entitled to additional payments if *Peterson* applied retroactively. The court also conditionally certified a defendant class consisting of those insurance companies operating in Minnesota that had not made retroactive payments to any members of the plaintiff class. The parties moved for summary judgment on the retroactivity issue. The trial court held that *Peterson* applied retroactively and ordered the defendants to pay the additional benefits, plus 15% interest on overdue payments. The supreme court affirmed this decision in *Streich v. American Family Mutual Insurance Co.*, 358 N.W.2d 396 (Minn.1984), and remanded the case for further proceedings.

In February 1986, the trial court permanently certified a limited plaintiff class consisting of only those persons insured by American Family. The court, however, refused to certify the defendant class because the requirements of Rule 23.02 had not been met and because the plaintiffs failed to show either that they had standing to sue or that the defendants were "juridically linked," thereby rendering them amenable to suit. When the court decertified the defendant class, Streich attempted to join over 200 insurance carriers as named defendants. The court dismissed all the defendants except American Family because, again, plaintiffs had no standing to sue nor had they shown a "juridical link" among the defendants.

## ISSUES

1. Has the defendant class satisfied the requirements for class action certification contained in Minn.R.Civ.P. 23?

2. Did the trial court err in dismissing the defendants against whom the plaintiffs had no cause of action?

3. Has the plaintiff class satisfied the requirements for class action certification?

## ANALYSIS

1. Trial courts have considerable discretionary power to determine whether class actions may be maintained. *E.g., Forcier v. State Farm Mutual Automobile Insurance Co.*, 310 N.W.2d 124, 130 (Minn.1981). To maintain a class action in Minnesota, four prerequisites of Rule 23.01, Minn.R. Civ.P., must first be satisfied.[1] These prerequisites are referred to as numerosity, commonality, typicality, and representivity. In addition to satisfying the prerequisites, the action must fall within one of three categories described in Rule 23.02.[2] The

---

1. Minn.R.Civ.P. 23.01 provides:

 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

2. Minn.R.Civ.P. 23.02 provides:

 An action may be maintained as a class action if the prerequisites of Rule 23.01 are satisfied, and in addition:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of
 A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible

requirements for maintaining class actions are generally addressed in the context of plaintiff class actions, but they are equally applicable to defendant classes. *E.g., Ellis v. O'Hara,* 105 F.R.D. 556, 563 (E.D.Mo. 1985). Although rare, defendant classes are specifically authorized by Rule 23.01 which states that "[o]ne or more members of a class may sue or *be sued* as representative parties on behalf of all * * *." Minn. R.Civ.P. 23.01 (emphasis added). These requirements are discussed below.

## A. NUMEROSITY

Neither party contends that the numerosity requirement is not satisfied. Both the plaintiff and defendant classes are so numerous as to make joinder impracticable.

## B. COMMONALITY

Commonality requires that there be questions of law or fact common to the class. American Family claims there are no questions of law or fact common to either the plaintiff or the defendant class, arguing that the common legal question was decided in *Streich* where the Minnesota Supreme Court held that the *Peterson* decision applied retroactively. With the common question eliminated, American Family insists that a class action is now inappropriate. We find this argument without merit.

■■ The threshold for commonality is not high and requires only that the resolution of the common questions affect all or a substantial number of class members. *Jenkins v. Raymark Industries, Inc.,* 782

F.2d 468, 472 (5th Cir.1986). For commonality to exist, behavior causing a common effect must be subject to some dispute. *In Re Objections and Defenses To Real Property Taxes for The 1980 Assessment,* 335 N.W.2d 717, 719 (Minn.1983). Here, American Family denied Leila Streich's request for retroactive benefits, at which point she initiated this class action. From the inception of this action, the issue has been the retroactive application of *Peterson.* The resolution of this question would determine the rights and obligations of the members of the proposed classes.

■ Class actions present two separate issues for adjudication. One issue concerns the merits of the case; the other issue addresses the propriety of class certification. *See id.* Generally, class certification is considered before a case is decided on the merits. *Forcier,* 310 N.W.2d at 129; Minn.R.Civ.P. 23.03(1). This general principle is not applicable, however, where "the merits of the litigation are fully determinable as a matter of law, based exclusively on judicial construction of controlling state statutes." *Holisak v. Northwestern National Bank of St. Paul,* 297 Minn. 248, 251, 210 N.W.2d 413, 415 (1973). In this case, the trial court decided the issue of retroactivity as a matter of law on the parties' motions for summary judgment. On appeal, the supreme court held that *Peterson* applied retroactively. *Streich,* 358 N.W.2d at 399. The court then remanded the case for further proceedings. *Id.* at 400.

standards of conduct for the party opposing the class, or

B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■ Liability in this case has been established and to that extent the merits have been decided. The remaining issue concerns class certification. Merely because the retroactivity issue was litigated before a final decision on class certification does not preclude that issue from serving as the common question. The question of liability remains part of this action on remand from the supreme court and continues to provide the common link necessary to satisfy the commonality requirement.

## C. TYPICALITY AND REPRESENTIVITY

■ The remaining prerequisites are often viewed as a two-pronged approach "intended to insure that the claims of the class members are fully presented and vigorously prosecuted." *Sley v. Jamaica Water and Utilities, Inc.*, 77 F.R.D. 391, 394 (E.D.Pa.1977). Typicality focuses on the representative parties and looks to whether the parties "have an interest compatible with that of the class sought to be represented." *Ario*, 367 N.W.2d at 513. Typicality refers to the potential for rivalry and conflict which may jeopardize the interests of the class. *Id.* Similarly, representivity means the representative parties' interests must coincide with the interests of other class members and the parties and their counsel will competently and vigorously prosecute the lawsuit. *Id.* Factors used to determine if representivity is satisfied include: (1) whether the representatives' interests are sufficiently identical to those of absent class members so that the representatives will vigorously prosecute the suit on their behalf; (2) whether the attorneys are qualified, experienced, and capable of conducting the litigation; and (3) whether the representatives have any interests in conflict with the objective of the class they represent. *See Smith v. B & O Railroad Co.*, 473 F.Supp. 572, 581 (D.Md. 1979). Streich argues the defendant class meets these requirements.

In Minnesota, the only decision illuminating the typicality and representivity requirements is *Ario v. Metropolitan Airports Commission*, 367 N.W.2d 509 (Minn. 1985), where the requirements are discussed in the context of a plaintiff class suing a single defendant. The case before us, however, involves a defendant class. American Family argues that the defendant class cannot be certified because Streich has failed to satisfy the typicality and representivity requirements. American Family relies on *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir.1973), to support its argument.

In *La Mar*, the plaintiff initiated a class action on behalf of approximately 33,000 customers against a defendant class of all pawn brokers licensed in Oregon. The plaintiff alleged that the defendants violated the Truth-in-Lending Act. The trial court determined that the plaintiff's action was a proper class action on behalf of all those who borrowed from the H & B Novelty and Loan Company as well as on behalf of those who borrowed from all other defendants. The court of appeals reversed, however. Although it assumed the plaintiff had standing to sue because he was injured by a method of dealing more or less common to all defendants, the court decertified the defendant class because the plaintiff failed to satisfy the typicality and representivity requirements of Fed.R.Civ.P. 23(a), which is the federal equivalent of Minn.R.Civ.P. 23.01. The court found typicality lacking because the named plaintiff and absent class members had causes of action against different defendants even though their injuries were identical. *Id.* at 465. Similarly, representivity was lacking because "a plaintiff who has no cause of action against the defendant can not 'fairly and adequately protect the interests' of those who do have such causes of action." *Id.* at 466. *La Mar* recognized two exceptions: (1) where the defendants act in conspiracy, and (2) where the defendants are "juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* (footnote omitted).

In the case before us, the trial court decertified the defendant class because the plaintiffs failed to show they had standing

to sue the defendants. The court also found the plaintiffs failed to establish a "juridical link" among the defendants which would render them amenable to suit as a class. Although the trial court did not specifically refer to *La Mar*, by referring to standing and juridical link the court brought *La Mar* to bear upon questions of defendant class certification.

We believe and now hold that *La Mar* is the proper analysis when considering whether to certify defendant classes. Class suits are more manageable and the judicial process is better served when the courts are not available to plaintiffs who have suffered no harm at the hands of the defendants against whom they complain. Streich's injury is at the hands of American Family alone. Her claim is typical of only those persons who are entitled to retroactive benefits from American Family. Her cause of action is against American Family, and she may adequately protect the interests of only those persons who have a similar action against American Family.

Streich attempts to characterize the defendants as somehow juridically linked by Minnesota's No-Fault Act and by the complex system of regulations governing insurance operations. The juridical link among defendants is generally found in instances

> where all members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application, which is alleged to be unconstitutional.

*Thompson v. Board of Education of the Romeo Community Schools*, 709 F.2d 1200, 1205 (6th Cir.1983). Streich argues that the defendant class acts as administrators of the No-Fault Act. The defendants, however, are not "acting under one directive from some superior authority." *Id.* Each member of the defendant class is a separate entity and is individually responsible for its own policies. Streich is challenging the discretionary conduct of the defendants which apparently are waiting until an insured presents a second claim

before computing retroactive benefits. Streich would have the defendants compute the benefits based on the information submitted in the original claim. Defendants are not juridically related where their discretionary conduct is challenged. *See Coleman v. McLaren*, 98 F.R.D. 638, 649 (N.D.Ill.1983); *Doss v. Long*, 93 F.R.D. 112, 116 (N.D.Ga.1981). The defendant class does not fall within the juridical link exception.

Because the defendant class failed to satisfy the threshold requirements of Rule 23.01, we need not address the additional requirements of Rule 23.02. We note, however, that the trial court originally certified the defendant class under Rule 23.02(2). This section is used where civil rights violations are alleged or where a statute is being challenged as unconstitutional, cases which make injunctive or declaratory relief appropriate. *See United States v. Trucking Employers, Inc.*, 75 F.R.D. 682, 692–93 (D.D.C.1977). Streich claims that her request for an injunction makes this provision the appropriate one under which to certify the defendant class. Although Streich characterizes her injunction as a means of enforcing the retroactive application of *Peterson*, her request is essentially for monetary relief. She seeks an order directing the defendants to compute and pay retroactive benefits. Rule 23.02(2) does not apply to this case where the requested relief is money damages, not the declaratory or injunctive relief envisioned by the section. *Cf. Trecker v. Manning Implement, Inc.*, 73 F.R.D. 554, 559 (N.D. Iowa 1976) (discussing the federal equivalent of Minn.R.Civ.P. 23.02(2)).

2. When the trial court indicated that it would decertify the defendant class, Streich amended her complaint and attempted to join over 200 insurance companies as named defendants. The trial court dismissed all the defendants, except American Family, for the same reasons it decertified the defendant class, i.e., plaintiffs had neither standing to sue nor had they shown a sufficient juridical link among the defendants. The defendant class was contem-

plated because joinder was clearly impracticable. Streich cannot accomplish indirectly through joinder what she could not achieve through a class action. Standing is a prerequisite to bringing suit. Streich lacks standing to sue those joined defendants from whom she has suffered no injury.

■ 3. The remaining issue is whether the plaintiff class satisfies the requirements for class certification. The trial court limited the class to only those persons insured by American Family. The court's action is simply the corollary to decertifying the defendant class. With American Family as the sole defendant, obviously only those persons insured by American Family have a cause of action against it for retroactive benefits. The trial court permanently certified the class, having found that both the prerequisites of Rule 23.01 and the additional requirements of Rule 23.02(3) were met. We agree.

■ The prerequisites pose no problem for the plaintiff class. Numerosity is satisfied since joinder of plaintiffs, while theoretically feasible, is impracticable. *See Jenson v. Continental Financial Corporation*, 404 F.Supp. 806, 809 (D.Minn.1975). Commonality is satisfied because the common question remains the retroactive application of *Peterson*. Typicality and representivity are also satisfied since Streich and the other class members are all insured by American Family. Streich's claim is based upon the same legal theory as that of the class. Despite minor factual differences between Streich's claim and those of other class members, the claims all arise from American Family's denying liability for retroactive benefits. Streich's interest in securing retroactive benefits is clearly compatible with the interests of the other class members. *See Ario*, 367 N.W.2d at 513. Furthermore, Streich's prior actions in this lawsuit demonstrate her adequacy to protect the interests of the class. In initiating the suit, in litigating it before the Minnesota Supreme Court, in preparing and arguing the pretrial motions, Streich has shown her ability to protect the interests of the class. Finally, the competency of her attorneys is not a concern.

The additional requirements of Rule 23.02(3) also pose no problem for the plaintiff class. To certify an action under Rule 23.02(3), the trial court must determine that

> questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Minn.R.Civ.P. 23.02(3). American Family argues that even if the retroactivity issue is the common question under Rule 23.01, the question does not predominate over questions affecting only individual members.

■ To determine whether common questions of law or fact predominate over individual questions, the court must consider the elements which the plaintiff must establish in order to recover on the claim against the defendant. *Trecker*, 73 F.R.D. at 560. To predominate, common issues must constitute a significant part of the individual cases. *Jenkins*, 782 F.2d at 472. Streich has already established that American Family is liable for retroactive benefits. Because liability has already been decided, predominance has been established. *E.g., Forcier*, 310 N.W.2d 124. In *Forcier*, State Farm's liability for certain funeral expenses was fully litigated when the court remanded the case to the trial court to consider whether the class could be maintained under Rule 23.02(3), specifically whether the class action is a superior method of adjudication. *Id.* at 131. The issue on remand was manageability, not whether questions common to the class predominate over individual questions. The predominance requirement was no longer important once liability was established:

> Now that the appeal is over and State Farm is liable for the funeral expense claims, the question of manageability becomes whether damages can be efficiently distributed. If there should be insurmountable administrative burdens and

costs, then the mechanism of a class action may be inappropriate.

*Id.* As in *Forcier,* the question here is whether a class action is superior to other methods of adjudication.

 In determining whether a class action is appropriate, factors to consider include manageability, fairness, efficiency, and available alternatives. *Id.* at 130. American Family argues that the individual nature of the claims would require piecemeal determination and that separate lawsuits are the better alternative. Although Streich concedes individual payments must be determined, she argues that such determinations will not confuse, complicate, or duplicate the judicial proceedings. *See Ario,* 367 N.W.2d at 516. Furthermore, Streich argues that without a class action the individual claims will go unlitigated, either because the individuals are not aware they are entitled to a recovery or because the claim is so small as to make litigation prohibitively expensive.

The purpose of the class action has been to take "care of the smaller guy." *Dolgow v. Anderson,* 43 F.R.D. 472, 485 (E.D.N.Y. 1968). The class action is most often needed in consumer suits where individual claims are small. *Forcier,* 310 N.W.2d at 130. "[W]here the potential recovery is too small to justify individual litigation, a class action is proper." *Id.* (citing *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 219 N.W.2d 641 (1974)). In *Rathbun,* the plaintiff brought a class action to declare W.T. Grant's installment credit plan usurious. The trial court limited the class action to the single issue of usury and further limited it to the question of liability, exclusive of damages. The issue was decided against W.T. Grant on summary judgment. The supreme court approved the trial court's procedure, stating:

[T]he trial court correctly segregated the issue of usury as the single item for class-action determination. Although this ruling recognizes the need for multiple proceedings to determine the individual damages of the class members, the predominance of a common issue of lia-

bility over individual questions of damage has been frequently recognized.

*Rathbun,* 300 Minn. at 240, 219 N.W.2d at 652 (citations omitted). The court found that the class action was a superior method of promoting the public purpose of the usury statute which was designed to protect those who cannot protect themselves. The court concluded:

All members of the class are entitled to recover the interest charged them. It is unreasonable to assume that they will all litigate individually their just claims.

*Id.* at 241–42, 219 N.W.2d at 653.

 Although management problems inhere in any class action, the trial court is vested with broad powers to alleviate any procedural problems which may arise. *Forcier,* 310 N.W.2d at 130. Where there is substantial merit to plaintiffs' claims, the court ordinarily does not let procedural difficulties stand in its way. *Id.* at 131. In this case, liability has been established and all that remains is to determine individual damages. If this case does not go forward as a class suit, the injuries suffered by many members of the class will go unredressed.

### DECISION

The trial court properly decertified the defendant class for failing to satisfy the threshold requirements of typicality and representivity. Similarly, the court did not err in dismissing those joined defendants against whom Streich had no cause of action. Finally, the court properly certified the limited plaintiff class.

Affirmed.