515 S.E.2d 351 (1999)
204 W.Va. 606
STATE of West Virginia ex rel. ERIE FIRE INSURANCE COMPANY and West Virginia Farmers Mutual Insurance Company, et al., Petitioners,
v.
Honorable John T. MADDEN, Judge of the Circuit Court of Marshall County, and Meagan Barker, an Infant, by Her Guardian, and Bradley Barker Individually and on Behalf of All Others Similarly Situated, Respondents.
No. 25016.
Supreme Court of Appeals of West Virginia.
Submitted June 2, 1998.
Decided July 14, 1998.
Filed as Modified September 8, 1998.
Thomas V. Flaherty, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, West Virginia, Attorney for all Petitioners.
Robert G. Steele, Esq., J. Greg Goodykoontz, Esq., Amy M. Smith, Esq., Steptoe & Johnson, Clarksburg, West Virginia, Attorneys for Erie Insurance Company.
Catherine D. Munster, Esq., James A. Varner, Esq., Gene W. Bailey, II, Esq., McNeer, Highland, McMunn & Varner, Clarksburg, West Virginia, Attorneys for
*352 West Virginia Farmers Mutual Insurance Co.
Robert P. Fitzsimmons, Esq., Michael W. McGuane, Esq., Thomas C. Schultz, Esq., Wheeling, West Virginia, Attorneys for Respondents.
Evan H. Jenkins, Esq., Charleston, West Virginia, Attorney for Amicus Curiae, West Virginia Chamber of Commerce.
PER CURIAM:[1]
In the instant case, we grant a writ of prohibition and require the Circuit Court of Marshall County to dismiss several hundred insurance companies as defendants, because the named plaintiff in a class action lawsuit did not establish that there was a "juridical link" among the companies.

I.
This is a writ of prohibition in which this Court is asked to rule that the Circuit Court of Marshall County erred in not dismissing a large number of insurance companies as defendants in a class action lawsuit.
The lawsuit originated in a claim by an infant, Megan Barker ("Barker"), brought by her father, against Nationwide Insurance Company ("Nationwide"). Barker alleged that Nationwide, as the insurer for an alleged tortfeasor, acted wrongfully in obtaining a release for injuries Barker suffered in an accident with Nationwide's insured. Barker was apparently not represented by counsel and Nationwide did not obtain court approval for the settlement.[2]
Seeking to act as a class representative for others similarly situated, Barker claimed that by obtaining signatures on purportedly "full and final" releases from the parents or guardians of injured infants like Barker, Nationwide illegally misled the infants/or and their parents and guardians as to the nature and effect of the release.
In addition to Nationwide, Barker joined as defendants several hundred other insurance companies ("the other insurance companies") that do business in West Virginia. These other insurance companies are the petitioners in the instant case.[3] Barker sought to represent a class of similarly situated persons (infants, former infants, and their parents and guardians) who had such signed purportedly "full and final" infant settlement releases with the other insurance companies, without court approval of the settlement.
The other insurance companies made a motion to dismiss, based upon the fact that Barker has no personal claim against any of those companies. The circuit court denied the motion to dismiss, reasoning that the "juridical link" doctrine permitted Barker to act as a class representative for persons who have claims against the other insurance companies, even though Barker has no personal claim against them.
The circuit court found that Barker could maintain an action against the other insurance companies and act as a representative for those persons who may have claims against those companiesbecause the circuit court concluded that there is a "juridical link" among the other insurance companies.[4]
*353 The other insurance companies then brought the instant writ of prohibition asking this Court to order the circuit court to not conduct further proceedings against them, and to grant their motion to dismiss.

II.
"In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if *354 the error is not corrected in advance." Syllabus Point 1, Hinkle v. Black, 164 W.Va. 112, 262 S.E.2d 744 (1979).
The circuit court's decision to deny the other insurance companies' motion to dismiss adopted, by acknowledgment, the "juridical link" doctrine. The doctrine has developed as part of Rule 23 class action certification analysis. The leading case in its development is La Mar v. H & B Novelty and Loan Co., 489 F.2d 461 (9th Cir.1973).
In La Mar, a plaintiff who had a Truth In Lending Act claim against a single pawn broker sued all of the pawn brokers in Oregon on behalf of all persons who had been allegedly cheated by those pawn brokers in the same fashion.
The Ninth Circuit ruled that under Federal Rule of Civil Procedure 23,
... a plaintiff who has no cause of action against the defendant can not `fairly and adequately protect the interests' of those who do have such causes of action. This is true even though the plaintiff may have suffered an identical injury at the hands of a party other than the defendant and even though his attorney is excellent in every material respect. Obviously this position does not embrace situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury. Nor is it intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.

489 F.2d at 466 (footnotes omitted, emphasis added).
The case law that has evolved under Rule 23[5] generally holds that in a class action against multiple defendants, if there is not a named representative plaintiff with a claim against a defendant, a class action may not be maintained against such a defendant unless there is alleged to be a conspiracy or concerted action, or a "juridical link," between such a defendant and a defendant against whom a named representative plaintiff does have a claim. See La Mar, 489 F.2d at 466. See also Leer v. Washington Educ. Ass'n., 172 F.R.D. 439, 447-450 (W.D.Wash. 1997); Murer v. Montana State Compensation Mutual Insurance Fund, 849 P.2d 1036, 1038-39, 257 Mont. 434, ___ (Mont.1993); Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 331-32 (Tex.App.1993); Streich v. American Family, 399 N.W.2d 210, 215-16 (Minn.App.1987); Itel Securities Litigation, 89 F.R.D. 104, 117-123 (N.D.Cal. 1981); United States v. Trucking Employers, Inc., 75 F.R.D. 682, 689 (D.D.C.1977).
A "juridical link" is typically found where multiple defendants are, with respect to the conduct at issue in the litigation, bound together by their official status, agreements, statutes, or in a similar fashion. Trucking Employers, supra, 75 F.R.D. at 686. It appears that no jurisdiction has found such a link among insurance companies. See Kittay v. Allstate Ins. Co., 78 Ill.App.3d 335, 33 Ill.Dec. 867, 397 N.E.2d 200 (1979); Turpeau v. Fidelity Fin. Servs., Inc., 936 F.Supp. 975 (N.D.Ga.1996), aff'd, 112 F.3d 1173 (11th Cir. 1997); Streich, supra; Murer, supra.
The circuit court's basis for finding a juridical link in the instant case was an amalgam of factors that can be grouped into five areas: (1) common defense activities in the instant litigation; (2) common membership in trade groups; (3) common regulatory and licensure statutes; (4) common practices at issue in the litigation; and (5) the desirability of a common resolution to the issues in the litigation.
Reviewing these areas, we determine that factors (1) and (2) may not in the instant case serve as a basis for finding a juridical link. We are not cited to any authority that common defense strategies in litigation should inure to the detriment of litigants. To penalize such conduct could discourage economy in litigation. As to common membership in trade groups, in the absence of evidence of rules, agreements, etc. to adhere to common practices and policies pertinent to the litigation, *355 this activity does not tend to show a juridical link.
As to factor (3), common regulatory and licensure statutes, we similarly conclude that this factor does not, absent a greater degree of particularity than is shown in the instant case, provide support for finding a juridical link. After all, most all automobile drivers have driver's licenses and have to obey the same lawsbut such commonality does not in itself allow a plaintiff who is injured by a law-breaking licensed driver to sue all such drivers on behalf of all of the persons injured by such drivers.
As to factor (4), common practices, the case law has generally held that a mere commonality of practice by a group of defendants, unaccompanied by further linkage among them, does not itself establish a juridical link. Trucking Employers, supra; Murer, supra; Cedar Crest, supra.
Finally, as to factor (5), the desirability of a common resolution, we can understand the circuit court's conclusion that judicial economy would be served by resolving in one proceeding the issue of whether purportedly "full and final" infant settlement releases that are not approved by a court are actionable, and whether persons who have signed such releases are entitled to relief. However, legal determination of that issue does not require multiple defendants.
In the instant case, because this matter is before this Court on a writ of prohibition, we are presented with a limited factual record. For that reason we do go beyond the foregoing discussion regarding the nature and general applicability of the doctrine of "juridical link" in connection with Rule 23 issues.[6]
*356 However, we do decide that, upon the factors cited by the circuit court as the basis for finding a juridical link among the other insurance companies, the circuit court erred in finding a juridical link, and in refusing to grant their motion to dismiss.

III.

Conclusion
Consequently, the writ of prohibition is granted, and the circuit court is required to grant the other insurance companies' motion to dismiss.
Writ Granted.
Justice McCUSKEY, deeming himself disqualified, did not participate in the decision in this case.
Judge JOHN W. HATCHER, Jr., sitting by special assignment.
APPENDIX A
ROBERT G. STEELE J. GREG GOODYKOONTZ AMY M. SMITH DANIEL C. COOPER JACQUELINE A. WILSON Steptoe & Johnson Sixth Floor, Bank One Center P.O. Box 2190 Clarksburg, WV XXXXX-XXXX Attorneys for Defendants Aetna Casualty & Surety Company Aetna Insurance Company Aetna Commercial Insurance Company Aetna Casualty Company Aetna Casualty & Surety Company of Illinois Aetna Casualty & Surety Company of America AIU Insurance Company Albany Insurance Company American International South Insurance Company
*357 American and Foreign Insurance Co. American Employers' Insurance Co. American Home Assurance Company American International Insurance Co. American International Insurance Company of Delaware American International Pacific Insurance Company Atlas Assurance Company Automobile Insurance Company of Hartford Birmingham Fire Insurance Company of Pennsylvania (misidentified as "Birmingham Fire Insurance Company of PA") Charter Oak Fire Insurance Company Church Mutual Insurance Company Cincinnati Indemnity Company Cincinnati Insurance Company Cincinnati Casualty Company Classic Insurance Company Colonial Penn Insurance Company Colonial Penn Franklin Insurance Co. Commerce and Industry Insurance Co. Commercial Union Insurance Company Employers Mutual Casualty Company Erie Insurance Exchange Erie Insurance Property & Casualty Co. Erie Insurance Company Fairmont Insurance Company Farm Family Casualty Insurance Company (misidentified as "Farm Family Mutual Insurance Company") Farmington Casualty Company GEICO General Insurance Company GEICO Indemnity Company Globe Indemnity Company Government Employees Insurance Co. Granite State Insurance Company Guarantee Insurance Company Hartford Steam Boiler Inspection and Insurance Company Highlands Insurance Company Home Insurance Company Horace Mann Insurance Company Illinois National Insurance Company Jefferson-Pilot Property Insurance Co. L.M.I. Insurance Company Markel Insurance Company Markel American Insurance Company Medical Assurance of West Virginia, Inc. MGA Insurance Company, Inc. Mid-American Fire & Casualty Company (inappropriately named "Mid-American Fire Insurance Company") Midwestern Indemnity Company National Liability & Fire Insurance Company National Insurance Association National Union Fire Insurance Company of Pittsburgh, Pa. (misidentified as "National Union Fire Insurance Company Pennsylvania") National Indemnity Company National Continental Insurance Company New Hampshire Insurance Company New Hampshire Indemnity Company, Inc. (misidentified as "New Hampshire Indemnity Company") Newark Insurance Company Nichido Fire & Marine Insurance Co. Northwestern National Insurance Co. Northwestern National Casualty Company Oak Casualty Insurance Company Phoenix Assurance Company of New York Phoenix Insurance Company Progressive Northern Insurance Company Progressive Specialty Insurance Company Progressive Preferred Insurance Company Progressive Casualty Insurance Company Progressive Northwestern Insurance Co. Reliance National Insurance Company Reliance Insurance Company Reliance National Indemnity Company Reliance Surety Company Royal Indemnity Company Royal Special Risks Insurance Company Royal Insurance Company of America Safeguard Insurance Company Southern Fire & Casualty Insurance Company Southern Pilot Insurance Company Standard Fire Insurance Company *358 Teachers Insurance Company The Northern Assurance Company of America The Employers' Fire Insurance Co. The Insurance Company of the State of Pennsylvania (misidentified as "Insurance Company of The State of Pennsylvania") TIG Insurance Company TIG Countrywide Insurance Company TIG Reinsurance Company TIG Premier Insurance Company TIG Indemnity Company Travelers Indemnity Company of America Travelers Indemnity Company of Illinois Travelers Indemnity Company of Missouri Travelers Indemnity Company of Connecticut Travelers Indemnity Company Truck Insurance Exchange Union & Phenix Espanol Insurance Co. United Guaranty Residential Insurance Company of North Carolina (misidentified as "United Guaranty Residential North Carolina") United Guaranty Residential Insurance Company (misidentified as "United Guaranty Residential") United Guaranty Commercial Insurance Company (misidentified as "United Guaranty Commercial Insurance") United Pacific Insurance Company United Southern Assurance Company
LANDERS P. BONENBERGER R. GREGORY MCDERMOTT McDermott, Bonenberger, McDermott & Gallaway 53 Washington Avenue Wheeling, WV 26003 Attorneys for Defendants Agricultural Insurance Company American Alliance Insurance Company American Eagle Insurance Company American National General American National Fire Insurance American Spirit Insurance Company American National Property & Casualty Company Balboa Insurance Company Eagle American Insurance Company Great American Insurance Company Guaranty National Insurance Company Hartford Casualty Ins. Co. Hartford Accident & Indemnity Hartford Fire Ins. Co. Hartford Ins. Co. of the Midwest Hartford Underwriters Ins. Co. Infinity Insurance Company Regal Insurance Company S.C. Insurance Company & Consolidated American Ins. Co. Twin City Fire Ins. Co. Transport Insurance Company United Services Automobile Association Windsor Insurance Company New England Insurance Company
DAVID A. SIMS DEBRA TEDESCHI HALL Sims and Hall 1200 Harrison Avenue, Suite 2000 Post Office Box 2659 Elkins, WV 26241 Attorneys for Defendants Farmers and Mechanics Mutual Insurance Company of West Virginia Farmers' Mutual Insurance Company Inland Mutual Insurance Company Municipal Mutual Insurance Company Pan Handle Farmers Insurance Company of West Virginia Safe Insurance Company West Virginia Insurance Company
BRENT K. KESNER Kesner, Kesner & Bramble Suite 500, United Center 500 Virginia Street, East Charleston, WV 25301 Attorney for Defendants Westfield Insurance Co. Ohio Farmers Insurance Co. Westfield National Insurance Co. *359 GARY W. HART Jackson & Kelly 1600 Laidley Tower Post Office Box 553 Charleston, WV 25322 Attorney for Defendants Medmarc Casualty Insurance Co. MIC Property & Casualty Insurance Co. National General Insurance Co.
DANIEL TOMASSETTI ROBERT J. HANNEN Hannen & Tomassetti 2108 Lumber Avenue, Suite 4 Wheeling, WV 26003 Attorneys for Defendant The Integral Company
GEORGE J. ANETAKIS Frankovitch & Anetakis 337 Penco Road Weirton, WV XXXXX-XXXX Attorney for Defendant American Motorists Insurance Co. American Protection Insurance Co. American Manufacturers Mutual Insurance Co. Lumbermens Mutual Casualty Co. Ohio Casualty Insurance Co. West American Insurance Co. Vigilant Insurance Co. Federal Insurance Co. Pacific Indemnity Co. The Sun Insurance Office of America Alliance Insurance Company of America The Sea Insurance Company of America
JOSEPH J. BOSICK Pietragallo, Bosick & Gordon The Thirty-Eighth Floor One Oxford Centre Pittsburgh, PA 15219 Attorney for Defendants First General Insurance Company Florists' Mutual Insurance Company Great West Casualty Company J.C. Penney Casualty Insurance Company John Deere Insurance Company Metropolitan Casualty Company Metropolitan General Insurance Company Metropolitan Property & Casualty Insurance Co. North American Specialty Insurance Company Old Republic Insurance Company Old Republic Minnehoma Insurance Company The North River Insurance Company United States Fire Insurance Company Utica Mutual Insurance Company Westchester Fire Insurance Company
BOYD L. WARNER G. THOMAS SMITH Waters, Warner & Harris 701 Goff Building Post Office Box 1716 Clarksburg, WV XXXXX-XXXX Attorneys for Defendant USF & G Fidelity & Guaranty Insurance Company Fidelity & Guaranty Insurance Underwriters
ERIC K. FALK Davies, McFarland & Carroll, P.C. The Tenth Floor One Gateway Center Pittsburgh, PA XXXXX-XXXX Attorney for Defendant Houston General Insurance Company Tokio Marine Management, Inc.
JOHN L. COOLEY Wooten & Hart Post Office Box 12247 Roanoke, VA XXXXX-XXXX Attorney for Defendants Brotherhood Mutual Insurance Company
MARY H. SANDERS Huddleston, Bolen, Beatty, Porter & Copen One Bridge Place 10 Hale Street Post Office Box 3786 Charleston, WV 25337 Attorney for Defendants *360 Affirmative Insurance Company Anthem Casualty Insurance Company Insura Shelby Insurance Company
BENJAMIN L. BAILEY Bowles, Rice, McDavid, Graff & Love Post Office Box 1386 Charleston, WV 25325 Attorney for Defendants Allstate Insurance Company Allstate Indemnity Company North Star Reinsurance Corporation General Star National Insurance Company Genesis Insurance Company National Reinsurance Corporation
LESTER C. HESS, JR. Bachman, Hess, Bachman & Garden, P.L.L.C. 1226 Chapline Street Post Office Box 351 Wheeling, WV XXXXX-XXXX Attorney for Defendants State Auto National Insurance Company State Auto Property & Casualty Insurance Co. State Automobile Mutual Insurance Co. Milbank Insurance Company Minnesota Fire and Casualty Company
J. MICHAEL WEBER Spilman, Thomas & Battle 417 Grand Park Drive, Suite 203 Post Office Box 1468 Parkersburg, WV XXXXX-XXXX Attorney for Defendants American General Property Insurance Co. Thomas Jefferson Insurance Company Yosemite Insurance Company First Financial Insurance Company Century Surety Company Selective Insurance Company of the Southeast
DOUGLAS N. GODSHALL Vogelgesang, Howes, Lindamood & Brunn 400 Tuscarawas Street, West, Suite 200 Post Office Box 20870 Canton, OH XXXXX-XXXX Attorney for Defendant Automobile Club Insurance Co.
RICHARD C. POLLEY S. JANE ANDERSON Dickie, McCamey & Chilcote 1233 Main Street, Suite 2002 Wheeling, WV XXXXX-XXXX Attorneys for Defendants Amica Mutual Insurance Company Argonaut Great Central Insurance Company Harleysville Mutual Insurance Company Huron Insurance Company
BRUCE A. KAYUHA Rose, Padden & Petty, L.C. 201 Walnut Street Post Office Box 1518 Morgantown, WV XXXXX-XXXX Attorney for Defendants American Family Home Insurance Company American Modern Home Insurance Company
DANIEL F. RYAN, III BETH ANN LEAMING O'Brien & Ryan Suite 300, Hickory Pointe Plymouth Meeting, PA 19462 Attorneys for Defendant Rockwood Casualty Insurance Company
REBECCA L. ROSS CHARLES T. BLAIR Ross, Dixon & Masback, L.L.P. 601 Pennsylvania Avenue, NW North Building Washington, DC XXXXX-XXXX Attorneys for Defendants American Casualty Company of Reading, PA Boston Old Colony Insurance Co. The Buckeye Union Insurance Co. Commercial Insurance Company of Newark, NJ Continental Casualty Company Continental Reinsurance Corporation *361 The Fidelity and Casualty Company of New York The Glen Falls Insurance Company Kansas City Fire and Marine Insurance Company National Fire Insurance Company of Hartford Niagara Fire Insurance Company Transcontinental Insurance Company Transportation Insurance Company Valley Forge Insurance Company The Continental Insurance Company
ERIC N. ANDERSON DANIEL LAWSON Meyer, Darragh, Buckler, Bebenek & Eck 2000 Frick Building Pittsburgh, PA XXXXX-XXXX Attorneys for Defendants Protective Insurance Company Harco National Insurance Company Stratford Insurance Company Atlantic Mutual Insurance Company Centennial Insurance Company Providian Auto and Home Insurance Safeco Insurance Company of America First National Insurance Company of America General Insurance Company of America The American Insurance Company Bankers Multiple Line Insurance Company Lititz Mutual Insurance Company
D. KEVIN COLEMAN Schrader, Byrd, Companion & Gurley 32-20th Street, Suite 500 Post Office Box 6336 Wheeling, WV 26003 Attorney for Defendants St. Paul Fire & Marine Insurance Company St. Paul Guardian Insurance Company St. Paul Medical Liability Company St. Paul Mercury Insurance Company Economy Fire & Casualty Company Economy Preferred Insurance Company Economy Premier Assurance Company Northbrook Property & Casualty Insurance Company Northland Insurance Company Forum Insurance Company Montgomery Ward Insurance Company Athena Insurance Company Seaboard Surety Company Northbrook Indemnity Company Northbrook National Insurance Company
JEFFREY M. WAKEFIELD Flaherty, Sensabaugh & Bonasso 200 Capitol Street, Fourth Floor Post Office Box 3843 Charleston, WV XXXXX-XXXX Attorney for Defendants Prudential General Insurance Company Prudential Property & Casualty Insurance Company
ARTHUR BLOOM Margolis Edelstein 1500 Grant Building Pittsburgh, PA XXXXX-XXXX Attorney for Defendant Harford Mutual Insurance Company
ALBERT J. MEZZANOTTE, JR. Whiteford, Taylor & Preston, LLP 7 St. Paul Street Baltimore, MD XXXXX-XXXX Attorney for Defendant Harford Mutual Insurance Company
CHARLES T. BERRY Bowles Rice McDavid Graff & Love 1000 Technology Drive, Suite 2310 Fairmont, WV 26554 Attorney for Defendants Allstate Insurance Company Allstate Indemnity Company General Reinsurance Corporation General Star National Insurance Company National Reinsurance Company North Star Reinsurance Company Genesis Insurance Company
MICHAEL B. VICTORSON Robinson & McElwee, LLP Post Office Box 1791 *362 Charleston, WV 25326 Attorney for Defendants Assurance Company of America Maryland Casualty Company Northern Insurance Company of New York Valiant Insurance Company Zurich Insurance Company
JAMES W. HARVEY Suite 2910One Oxford Centre 301 Grant Street Pittsburgh, PA 15219 Attorney for Defendants General Accident Ins. Company of America The Camden Fire Insurance Association Pennsylvania General Insurance Company Potomac Insurance Company of Illinois
R. CARTER ELKINS LAURA L. GRAY Campbell, Woods, Bagley, Emerson, McNeer & Herndon 401 11th Street Post Office Box 1835 Huntington, WV XXXXX-XXXX Attorneys for Defendants State Farm Mutual Automobile Insurance Company State Farm Fire & Casualty Company State Farm General Insurance Company
ANN L. HAIGHT JOHN R. MCGHEE, JR. Kay, Casto, Chaney, Love & Wise 1600 Bank One Center Post Office Box 2031 Charleston, WV 25327 Attorneys for Defendants International Insurance Company Jefferson Insurance Company Lincoln General Insurance Company Midwest Mutual Insurance Company Preferred Risk Insurance Company
JOHN PRESTON BAILEY Bailey, Riley, Buch & Harman Post Office Box 631 Wheeling, WV XXXXX-XXXX Attorney for Defendants American Bankers Insurance Company of Florida American Reliable Insurance Company Bankers Standard Insurance Company Century Indemnity Company CIGNA Fire Underwriting Insurance Company CIGNA Indemnity Insurance Company CIGNA Insurance Company CIGNA Property & Casualty Insurance Company CIGNA Reinsurance Company Indemnity Insurance Company of North America Insurance Company of North America Pacific Employers Insurance Company Skandia U.S. Insurance Company
THOMAS V. FLAHERTY Flaherty, Sensabaugh & Bonasso 200 Capitol Street4th Floor Post Office Box 3843 Charleston, WV 25338 Attorney for Defendants American Casualty Company of Reading, PA Boston Old Colony Insurance Co. The Buckeye Union Insurance Co. Commercial Insurance Company of Newark, NJ Continental Casualty Company Continental Reinsurance Corporation The Fidelity and Casualty Company of New York Firemen's Insurance Company of Newark, NJ The Glen Falls Insurance Company Kansas City Fire and Marine Insurance Company National Fire Insurance Company of Hartford Niagara Fire Insurance Company Transcontinental Insurance Company Transportation Insurance Company Valley Forge Insurance Company *363 Federated Rural Electric Insurance Company The Continental Insurance Company
CHRISTOPHER P. BASTIEN CHERYL A. KEFFER Bastien & Martin P.O. Box 2151 1337 Virginia Street, East Charleston, WV 24328 Attorneys for Defendants Westport Insurance Corporation Financial Guaranty Insurance Company Employers Reinsurance Corporation
CATHERINE D. MUNSTER JAMES A. VARNER GENE W. BAILEY, II McNeer, Highland, McMunn & Varner Post Office Drawer 2040 Clarksburg, WV XXXXX-XXXX Attorneys for Defendants BCS Insurance Company Canal Insurance Company Carolina Casualty Insurance Company Chicago Insurance Company Federated Mutual Insurance Company Foremost Insurance Company Foremost Property & Casualty Insurance Company Foremost Signature Insurance Company Providence Washington Insurance Co. York Insurance Company Interstate Insurance Group Kentucky National Insurance Company Republic Mutual Insurance Company State Farm Fire & Casualty Company State Farm Mutual Insurance Company The Celina Mutual Insurance Company State Farm General Insurance Company West Virginia Farmers Mutual Insurance Company
DAVID L. WYANT Shuman, Annand & Poe 1233 Main Street, Suite 3002 Wheeling, WV 26003 Attorney for Defendants American Hardware Insurance Company Dairyland Insurance Company Greater New York Mutual Insurance Co. MICO Insurance Company Motorists Mutual Insurance Company NAC Re-Insurance Corporation Sentry Insurance Company Universal Underwriters Insurance Co. Greenwich Insurance Company Seneca Insurance Company Continental National Indemnity Company Reinsurance Corporation of New York
JOSEPH W. SELEP GEORGE N. STEWART Zimmer Kunz 3300 USX Tower 600 Grant Street Pittsburgh, PA XXXXX-XXXX Attorneys for Defendants Liberty Mutual Insurance Company Liberty Mutual Fire Insurance Company The First Liberty Company L.M. Insurance Corporation
PAUL T. TUCKER Bachmann, Hess, Bachmann & Garden, P.L.L.C. P.O. Box 351 Wheeling, WV 26003 Attorney for Defendants Nationwide Mutual Insurance Company G. Craig Sherman Universal Insurance Company Colonial Insurance Company of California Nationwide Mutual Fire Insurance Company Nationwide Property & Casualty Insurance Company Wausau Business Insurance Company Wausau Underwriters Insurance Company New South Insurance Company Bankers and Shippers Insurance Company Integon Indemnity Corporation Employers Insurance of Wausau National Casualty Company National American Insurance Company Nobel Insurance Company *364 Capital City Insurance Company, Inc. Lancer Insurance Company Brotherhood Mutual Insurance Company
NOTES
[1] We point out that a per curiam opinion is not legal precedent. See Lieving v. Hadley, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).
[2] In State ex rel. West Virginia Fire & Casualty Co. v. Karl, 199 W.Va. 678, 487 S.E.2d 336 (1997), this Court held that obtaining court approval for such "infant settlements" is not required by W.Va.Code, 44-10-14 (1929). However, we did not address whether an insurance company's conduct in obtaining such a release without court approval might be actionable.
[3] Erie Fire Insurance Company and West Virginia Farmers Mutual Insurance Company are the two petitioners named in the caption of the instant case. Appendix A attached to this opinion lists the names of (hopefully) all of the other petitioner insurance companies and their counsel.
[4] The circuit court stated in its order, denying the other insurance companies' motion to dismiss:

The plaintiff cites the case of La Mar v. H & B Novelty & Loan Company, 489 F.2d 461 (9th Cir.1973), which articulates the [juridical link] exceptions to the general rule upon which defendants, in the instant case, rely.
Plaintiff goes on to make a list of relationships or links that the defendants in the instant case have with each other. They are as follows:
"(1) Plaintiff's claim against all of the defendants relates to obtaining a full and final release from a minor in violation of W. Va. Code § 44-10-14 or, alternatively, misrepresenting a release without court approval as a full and final release;
(2) All of the defendants must be licensed to do business in the State of West Virginia;
(3) All of the defendants are regulated by the West Virginia Insurance Commissioner;
(4) All of the carriers have written casualty and/or liability coverage in the State of West Virginia;1
1 dEFENDANTS WHO HAVE NOT SETTLED MINORS' claims without court approval within the last twenty years have been provided with a form affidavit, and the action against a company signing and properly executing the affidavit will result in a voluntary dismissal by plaintiffs. Over 100 companies have executed such an affidavit and are in the process of being dismissed.
(5) Each of the companies are obligated to follow specific West Virginia statutes governing insurance, i.e., Chapter 33 of the West Virginia Code;
(6) Each of the defendants is obligated to follow the Unfair Settlement Practices Act (see W. Va.Code § 33-11-4);
(7) Each of the defendants is regulated by the West Virginia insurance regulations;
(8) The infant settlement statute, W. Va.Code § 44-10-14, is common to all defendants and to all claims;
(9) Many of these companies are members of the National Insurance Foundation which appeared before the Supreme Court and filed a Motion for Leave to File an Amicus Curiae Brief;
(10) Many of the defendants are members of the West Virginia Insurance Federation who filed a Motion for Leave to File an Amicus Curiae Brief in the West Virginia Supreme Court;
(11) Many of the defendants are members of the West Virginia Association of Domestic Insurance Companies which filed a Motion for Leave to File an Amicus Curiae Brief before the Supreme Court;
(12) Many of the defendants are members of the National Association of Independent Insurers who filed a Motion for Leave to File an Amicus Curiae Brief in the West Virginia Supreme Court of Appeals;
(13) Counsel for the defendants who argued before the Supreme Court have admitted that many of these carriers committed the same act of obtaining a full and final release without obtaining court approval of minors' personal injury claims (see Petition for Writ of Prohibition, Paragraph 15, p. 11); and
(14) The defendants have held organizational meetings in order to plan their defenses and strategies; and
(15) This motion was a consolidated effort among most of the defendants."2
2 At the argument on this motion, one of the defense counsel acknowledged that all defendants were unified on this issue with the exception of one attorney who presented the rebuttal argument on behalf of his client.
Plaintiff then summarizes the effect of these combinations of factors:
"These factors clearly establish a united organization and/or legal relationship, and there can be little doubt that a single resolution of the dispute raised in these pleadings which is common to all plaintiffs and all defendants would be expeditious and make the single resolution of this case preferable to a multiplicity of similar actions. There would be great judicial convenience and economy promoted by certification in this action." (Plaintiffs' brief p. 15).
* * *
The question, then, is to put this case at rest without further inquiry. It is unlikely that the word will get out among the citizens as to whether they may have a cause of action against a carrier for an unlawful settlement of their claims. The result will truly be economical and expeditious.
Only by bringing the defendants together in one action can there be any assurance that infants who have been harmed by approvals will truly have their day in court.
This court is satisfied that a united organization and/or legal relationship has been established to produce an expeditious single resolution of these cases such as to produce judicial economy and the result evenly applied throughout the State of West Virginia.
The consolidated motion to dismiss is OVERRULED.
[5] We note that effective April 6, 1998, this Court adopted a new version of West Virginia Rules of Civil Procedure Rule 23. Our new version is essentially identical to the federal rule and the rule in most states.
[6] The petitioners also argue that because Barker does not herself have a personal claim against each of the other insurance companies, she did not present to the circuit court a justiciable case or controversy over which the circuit court has subject matter jurisdictionunder article 8, section 3 of our state Constitutionagainst the other insurance companies. That is, the petitioners argue that Barker did not make allegations against the other insurance companies that would give her constitutional subject matter jurisdiction "standing."

This Court has stated that:
The question of standing to sue is whether the litigant has alleged such a personal stake in the outcome of the lawsuit so as to present the court with a justiciable controversy warranting judicial resolution of the dispute. In order to have standing to sue, a party must allege an injury in fact, either economic or otherwise, which is the result of the challenged action and show that the interest he seeks to protect by way of the institution of legal proceedings is arguably within the zone of interests protected by the statute, regulation or constitutional guarantee which is the basis for the lawsuit."
Snyder v. Callaghan, 168 W.Va. 265, 275, 284 S.E.2d 241, 248 (1981) (citations omitted).
"In West Virginia the slippery doctrine of standing is not usually employed to avoid a frontal confrontation with an issue of legitimate public concern." State ex rel. Alsop v. McCartney, 159 W.Va. 829, 838, 228 S.E.2d 278, 283 (1976). Moreover, "a simple, easily comprehensible definition of subject matter jurisdiction is almost a contradiction in terms. Complex issues often make the determination of subject matter jurisdiction difficult, as for example, justiciability, ripeness, mootness, standing, case or controversy, and political questions." Eastern Associated Coal Corp. v. Doe, 159 W.Va. 200, 208, 220 S.E.2d 672, 678 (1975).
Based in part upon the slipperiness of standing issues and the complexity of subject matter jurisdiction jurisprudence that this Court has recognized, and in part upon the prudence that cautions against deciding constitutional matters when it is unnecessary to do so, we decline the invitation to engage in a constitutional subject matter jurisdictional "standing" analysis to decide whether and when a representative plaintiff on behalf of a class that has been allegedly injured by multiple defendants may assert claims against defendants who are not alleged to have personally injured the named plaintiff.
We follow the approach taken in the leading La Mar case, in which the "juridical link" doctrine arose. The La Mar court said: "No one contends, of course, that there is no case or controversy between the defendants who seek in these cases to be dismissed and their customers [whom the plaintiff sought to represent]." 489 F.2d at 464.
A similar approach was taken by the United States Supreme Court in the recent case of Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In Amchem, the Court faced arguments that a class action did not present a justiciable case or controversy. The Court expressly declined to address those issues, stating that the Rule 23 issues are "logically antecedent to the existence of any Article III [justiciability] issues, [and therefore] it is appropriate to reach them first[.]" 521 U.S. at ____, 117 S.Ct. at 2244, 138 L.Ed.2d at 706.
In the leading Supreme Court case involving constitutional standing and class actions, Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) representative plaintiffs were held to have no standing, so that there was no justiciable case or controversybecause they had no claims against any of the defendants. In the instant case, as in La Mar, Barker does have a cognizable claim against one of the multiple defendants, and seeks to represent a class of persons with alleged claims against the others.
The distinction between constitutional subject matter jurisdiction standing, and Rule 23 "typicality" (also sometimes confusingly called "standing" in the Rule 23 context) was recognized in Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 330 (Tex.App.1993). In Cedar Crest, the court followed La Mar, supra, holding that the issue of the named plaintiff's ability to present claims of a plaintiff class against defendants against whom the named plaintiff had no claim should be decided in the Rule 23 context, and not in addressing subject matter jurisdiction.
Echoing this approach, the court in Akerman v. Oryx Communications, 609 F.Supp. 363, 375 (S.D.N.Y.1984), aff'd, 810 F.2d 336 (2d Cir.1987) said:
A number of commentators have argued against an overly rigid application of [constitutional] standing principles in the context of class action litigation.... Certainly, many of the prudential concerns traditionally associated with the standing doctrine are met as long as at least one plaintiff who is clearly an injured party sues at least one defendant who has caused him injury. As critics of a high standing threshold in class actions have pointed out, the Rule 23 requirements of adequacy of representation and typicality of claims ensure a vigorous and focused litigation of the common issues even though the named plaintiff may not have a cause of action against each named defendant.
* * *
Commentators note that the Supreme Court has relaxed another aspect of justiciability the mootness requirementin class actions challenging constitutional violations that are capable of repetition but which would evade review if the mootness doctrine were strictly construed.... In such situations, it has permitted class action litigation to run its course in spite of the mooting of a named party's claim.
Concededly, some courts have taken another tack, and have either merged constitutional case-and-controversy subject matter jurisdiction with Rule 23 issues, or held that strict constitutional standing requirements must be achieved before a Rule 23 analysis is performed. See, e.g., Weiner v. Bank of King of Prussia, 358 F.Supp. 684 (E.D.Pa.1973); Angel Music, Inc. v. ABC Sports, Inc., 112 F.R.D. 70 (S.D.N.Y.1986).
However, it has also been said that:
[T]he Weiner ruling ... rarely has been followed in civil rights defendant class litigation. Most courts have used the La Mar juridical link exception to bypass any standing problems.... A more direct approach would view standing on the basis of the class rather than on the standing of the individual class members.
Comment, Defendant Class Actions and Federal Civil Rights Litigation, 33 U.C.L.A. L.Rev. 283, 305, n. 105 (1986).